LAURA E. STEIN, Plaintiff, *v.* CARL A. STEIN, Defendant.

Supreme Court, Monroe County, August 9, 1928.

**Evidence — admissibility — answers by registrant on examination under Selective Service Regulations, §§ 11 and 12, not admissible in evidence in absence of consent — consent not shown.**

A motion to compel the disclosure of the record of examination before the local draft board for exemption from military service is denied, since it appears that sections 11 and 12 of the Selective Service Regulations provide that the answers given by any registrant concerning his health shall not, without the consent of the registrant, be open to inspection and shall not, without a like consent, be produced and published in response to any subpœna or summons of any court. In the present action an implied consent is not shown by proof that prior to the marriage of the parties the defendant stated that he had been exempted from service because of kidney trouble and defective eye sight.

MOTION for disclosure of record of examination of defendant before local draft board for exemption from military service.

*Lewis, McKay, Bown & Johnson,* for the motion.

*Wile, Oviatt & Gilman* opposed.

RODENBECK, J. The Selective Service Regulations provide " that the answers of any registrant concerning the condition of his health, mental or physical,   *   *   *   and other evidence and records upon the same subject,   *   *   *   shall not, without the consent of the registrant, be open to inspection   *   *   * " (§ 11) and that they " shall not, without the consent of the registrant, be produced and published in response to any subpœna or summons of any court," except for certain purposes not material, here, to consider. (§ 12.)

The gist of these provisions is to protect the registrant, except

o

in the cases specifically mentioned, against the disclosure of statements made by him to the local draft board, except with his consent. The statute specifically places the answers of the registrant beyond even the control of the courts, by " subpœna or summons." The question of the right to inspect the examination, and to the production of the registrant's answers, is left to the proper government officials, subject to the prohibitions of the regulations. These provide that the " consent " of the registrant shall be present. This consent may be express or implied, but it must be present in order to justify the disclosure of the registrant's answers.

There is nothing in the conduct of the defendant, heretofore, to justify a conclusion of such consent. All that is claimed is that, prior to his marriage to the plaintiff, he stated that he had been exempted from service because of kidney trouble and defective eyesight, which statements, it is claimed, are contrary to the mental condition claimed at the examination. This statement of the registrant cannot be construed as a consent, express or implied, to the production and use of his examination upon the trial of this case. The regulations do not merely describe the examination of the registrant as confidential, but say that it shall not be examined or produced except with his consent. Such a consent does not appear, and, under such circumstances, the motion should be denied.

Motion for certificate of materiality and necessity for disclosure of examination of defendant before local draft board denied, without costs.