**FEDERAL LIFE INS. CO. v. HOLOD.**
No. 183.

District Court, M. D. Pennsylvania.
Jan. 12, 1940.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., for plaintiff.

Needle, Needle & Needle, of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is before the Court on plaintiff's motion for the production of certain records of the War Department of the United States.

The plaintiff's motion requests an order of this Court directing the defendant to consent to the inspection and examination of certain World War Draft records relating to the defendant, and requiring the defendant to authorize the War Department at Washington, D. C., to furnish certified copies of said records. The motion was served upon the defendant, who filed an answer alleging that the evidence sought is privileged and that the Court is without power to make the order sought.

The Selective Service Regulations, prescribed by the President under the authority vested in him by the terms of the Selective Service Law, 50 U.S.C.A. § 226 note, provide, in section eleven, that the records obtained under the regulations shall be public records and open for public inspection with certain exceptions. It is further provided in section eleven that: "The portions of such records as are hereinbefore held to be confidential shall not without the consent of the registrant, be produced and published in response to any subpoena or summons of any court. * * *" The information which the plaintiff desires to obtain by this motion is, of course, that which by the Selective Service Regulations is made confidential and is within the prohibition above quoted.

The restrictions contained in the regulations are still in force and did not expire upon the termination of the war. Harris v. Walsh, 51 App.D.C. 167, 277 F. 569; see also Stein v. Stein, 132 Misc. 886, 230 N.Y.S. 757.

Although it is true that the new rules of Civil Procedure have received a

liberal construction for the purpose of requiring disclosure to the fullest extent of matters unless some valid reason appears for the refusal of such a request, they cannot be so construed or enforced as to compel the production of documents which by law are placed beyond the process of the courts. By the terms of Rule 34, 28 U.S.C.A. following section 723c, privileged communications are expressly excepted from the operation of the rule. The order here requested is clearly in violation of the regulation above quoted, inasmuch as the Defendant not only refuses to consent but is actively opposing the motion for the production of the records.

In note number two of section twelve of the Selective Service Regulations, it is stated that: "The spirit and intent of the regulations requires board members to be in possession of every available fact touching on or pertaining to cases within their respective jurisdiction. No small amount of such information is confidential. To open to the public such information would be a breach of the confidence under which persons interested in the successful operation of the Selective Service Law have furnished the information and will discourage giving further information to the consequent serious impairment of the fair and equitable selection of registrants. The public, therefore, should not be given access to confidential records or reports." It is evident that the restriction on the power of the Courts was intended to make the information furnished to the Department privileged communications. To effectuate the purpose of these restrictions, it is necessary that the Courts should not do indirectly that which they cannot do directly. An order requiring the defendant to consent would not be in compliance with the spirit of the regulations nor the provisions thereof. The consent which would be thus obtained would not be the voluntary consent contemplated by section eleven.

The Court, therefore, is forced to the conclusion that it does not have the power to make the order requested, and that the records in question are privileged within the meaning of Rule 34 of the Rules of Civil Procedure.

Plaintiff's motion for the production of certain records of the War Department is denied.