PETERSON, Respondent v. PETERSON, Appellant

(17 N. W.2d 920.)

File No. 8759. Opinion Filed March 9, 1945.

**Henry C. Mundt,** of Sioux Falls, for Appellant.

**T. R. Johnson,** of Sioux Falls, for Respondent.

SICKEL, J.  This is an action for divorce.  The circuit court entered an intermediate order requiring the defendant to furnish copies of his federal income tax returns for the years 1934 to 1943, inclusive, within 20 days, or, if such copies are not in his possession, custody or control, to "procure such copies from the United States Internal Revenue Department."  Defendant stated to the court that he did not have copies of such returns in his possession.  He claims that the original returns on file in the Internal Revenue Office are privileged communications, and that the order which, in effect, requires him to request the copies of the Treasury Department, is void.  A proceeding in the circuit court to compel the production and copying of documents is provided by SDC 36.0601.  That statute provides:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may:

"(1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody or control;  *  *  *."

In the absence of statute, a communication in respect to private matters is not privileged by reason of the fact that it is made to a public official.  Jones on Evid. (1938) § 762; Agnew v. Agnew, 52 S. D. 472, 218 N. W. 633, 59 A. L. R. 1549; Peden v. Peden's Adm'r, 121 Va. 147, 92 S. E. 984,

2 A. L. R. 1414, Annotation 1422. And this rule applies to copies of income tax reports which are in the possession of the persons who made the reports. Samish v. Superior Court, 28 Cal. App. 2d 685, 83 P.2d 305; Connecticut Importing Co. v. Continental Distilling Corp., D. C., 1 F. R. D. 190; Orange County Theatres v. Levy, D. C., 26 F. Supp. 416.

The only privilege in regard to income tax reports is found in the federal statutes and rules. 26 U. S. C. A. Int. Rev. Code § 55 (a) (2) provides: "All returns made under this chapter  *  *  *  shall constitute public records and shall be open to public examination and inspection to such extent as shall be authorized in rules and regulations promulgated by the President." Subsections (b) to (e), inclusive, contain provisions which permit disclosures, but these provisions are in no way related to the question involved in this action. Subsection (f) of the same section provides that it shall be unlawful for officers and employees of the United States to divulge information contained in income tax reports in any manner not provided by law. Pursuant to the above statute, the Internal Revenue Code of Rules was adopted. Section 463C.2 of the rules provides that: "The return of an individual shall be open to inspection (a) by the person who made the return, or by his duly constituted attorney in fact". Rule 463D.5 provides that: "A copy of a return may be furnished to any person who is entitled to inspect such return upon written application therefor and the submission of evidence satisfactory to the Commissioner of his right to receive the same  *  *  *." These are the only provisions of the Rules which permit disclosure of individual income tax returns by officers and employees of the United States, so far as the facts in this case are concerned.

Similar statutes and rules were considered by the Supreme Court in Boske v. Comingore, 177 U. S. 459, 20 S. Ct. 701, 44 L. Ed. 846. In that case the facts were that the Internal Revenue Collector for the District of Kentucky was found guilty of contempt in one of the state courts of Kentucky for refusal to produce copies of reports filed in his office. He was discharged on order of the United States District Court, In re Comingore, 96 F. 552, and appeal was taken to the Supreme Court. The opinion states [177 U. S.

459, 20 S. Ct. 705]: "The papers in question, copies of which were sought from the appellee, were the property of the United States, and were in his official custody under a regulation forbidding him to permit their use except for pusposes relating to the collection of the revenues of the United States. Reasons of public policy may well have suggested the necessity, in the interest of the government, of not allowing access to the records in the offices of collectors of internal revenue, except as might be directed by the Secretary of the Treasury. The interests of persons compelled, under the revenue laws, to furnish information as to their private business affairs would often be seriously affected if the disclosures so made were not properly guarded. Besides, great confusion might arise in the business of the department if the Secretary allowed the use of records and papers in the custody of collectors to depend upon the discretion or judgment of subordinates. At any rate, the Secretary deemed the regulation in question a wise and proper one, and we cannot perceive that his action was beyond the authority conferred upon him by Congress."

In Re Valecia Condensed Milk Co., 7 Cir., 240 F. 310, 313, 153 C. C. A. 236, the question was whether the United States District Court had power to compel the production of income tax returns on file in the office of the Wisconsin Tax Commissioner. The Circuit Court of Appeals reviewed the federal decisions under similar statutes and concluded: "Since the regulation was promulgated the right to compel internal revenue officers to produce official papers in their custody, under subpoena from court, or to give testimony of what so came to their official knowledge, has been uniformly denied."

Another case presenting a similar question is Federal Life Ins. Co. v. Holod, D. C., 30 F. Supp. 713. In that case the plaintiff requested an order directing the defendant to consent to inspection and examination of World War draft records and requiring defendant to authorize the War Department to furnish copies of such records. The opinion refers to section 11 of the Selective Service Regulations which provides: "The portions of such records as are hereinbefore held to be confidential shall not without the consent

of the registrant, be produced and published in response to any subpoena, or summons of any court." The court said that, "the records in question are privileged" within the meaning of Federal Rules of Civil Procedure, Rule 34, 28 U. S. C. A. following Section 723c. The opinion makes the further comment: "The order here requested is clearly in violation of the regulation above quoted, inasmuch as the Defendant not only refuses to consent but is actively opposing the motion for the production of the records." The court reached the conclusion that it did not have power to make the order requested. Rule 34, referred to in the opinion, is the same as SDC 36.0601 quoted herein.

■ According to these statutes and rules, the income tax returns in question are the property of the United States, in the official custody of federal officers and employees. The plaintiff has no right to inspect, nor to obtain copies of them. The court has no power to compel the production of these records on supoena duces tecum, or otherwise. The only means provided for the production of the copies for use in this case is the written application of the defendant therefor. The files are therefore privileged, within the meaning of SDC 36.0601. The defendant alone can waive that privilege in this case, by voluntarily making application for the copies. This he has refused to do, and he has objected to the order of the circuit court directing him to do so. If the defendant must comply with the order, his application for the copies will be made under judicial compulsion. His privilege will not in that case be waived, and the copies if so obtained would not be admissible in evidence at the trial. Discovery under those circumstances would be futile and unjust. Ragland, Discovery Before Trial, 146.

For the reasons stated, the order of the circuit court requiring the defendant to produce copies of income tax reports on file in the office of the United States Internal Revenue Department is void.

Order reversed.

All the Judges concur.