59 N.J. Super. 353 (1960)
157 A.2d 737
CRAIG FINNEGAN, PLAINTIFF,
v.
ANDREW J. COLL, ERNEST W. MANDEVILLE, RICHARD GOLDSMITH, AND ADDED PARTIES, SHORE NEWS, INC., A CORPORATION OF NEW JERSEY, VICTOR C. LEIKER, MARY DURKIN COLL AND ALLAN STANSBURY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 27, 1960.
*355 Mr. Harry Green argued the matter for plaintiff.
Mr. William J. Gearty argued the matter for defendants Andrew J. Coll, Mary Durkin Coll and Allan Stansbury (Mr. Thomas E. Durkin, Jr., attorney).
MARIANO, J.S.C.
This is an action for slander and libel in which plaintiff seeks compensatory and punitive damages, a claim for special damages having been abandoned. The matter is before this court on a motion by the defendants to compel the plaintiff to produce the following records and documents:
1. All books and records indicating the amount of income earned by the plaintiff for the three-year period immediately preceding October 16, 1958.
2. Income tax records filed with the U.S. Internal Revenue Bureau for the years 1955 and 1956 and 1957 and 1958.
3. All records and books indicating the amount of income earned by the plaintiff for the period of time following October 16, 1958 and up to and including the present.
The substance of the defamatory words are as follows:
"Craig Finnegan, township engineer, did not become a licensed engineer until April 24 of this year and had practised without a required license for 15 years.
On the basis of this charge, Mr. Finnegan should resign."
Plaintiff claims that the slanderous and libelous remarks have affected his general good reputation, his position as municipal engineer, as well as his general status as a professional engineer. He further claims that his continued practice as an engineer will be impaired.
Defendants claim that the records which are the subject of this motion are germane to the issues of plaintiff's reputation, the extent of compensatory and punitive damages and the defense of truth. The plaintiff on the other hand contends that the records are immaterial and irrelevant and *356 are privileged, and that the production of the same will reveal trade secrets.
The proper scope of discovery into the records, papers and books of the plaintiff is governed by R.R. 4:16-2. It provides, inter alia, that discovery may be had where the resultant matter will either be admissible as evidence at trial or will lead to discovery of admissible evidence, provided that the matter is not privileged.
It is now sufficiently established that copies of income tax records are not privileged. Paramount Film Corp. v. Ram, 91 F. Supp. 778 (D.C.E.D.S.C. 1950); Application of Frey, 26 N.J. Misc. 193 (O. & T. 1948).
Plaintiff argues that the production of his business records will disclose lists of customers which are trade secrets. He seeks compensatory damages for the alleged impairment of his general and special status as an engineer. In an effort to show this at trial, he may be expected to produce witnesses whose names appear in the records who no longer seek his services. Thus the matter which he asserts is privileged may be revealed.
Refusal in this case would deprive the defendants of a source of information as to the reputation which existed and which was defamed; also, the extent of the damage to his general and professional standing. Further, since there is an absence of definite proof that a trade secret exists in the names in the records this court should not deprive the defendants of a valuable source of information on this ground.
The claim that the records are irrelevant and immaterial is without substance, since the inspection of the recent books of the plaintiff may be expected to lead to evidence which would be admissible at trial. Names of persons may be disclosed by whom defendant may be able to establish that plaintiff never had a reputation which could be defamed. Further, since the defense of truth is claimed on the ground that the plaintiff did certain work for which the statute, N.J.S.A. 45:8-41, required a licensed engineer, *357 the desired inspection may be expected to reveal the extent to which such work was done. This would be evidence in support of the defense.
These are but some of the possibilities leading to evidence which the inspection of the records may reveal, and discovery for these purposes has long been held proper. Sinclair Refining Co. v. Jenkins Petroleum, 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933).
Walsh v. Trenton Times, 124 N.J.L. 23, 24 (E. & A. 1939), states that "general [compensatory being the same thing] damages in actions for libel and slander have been defined as those which the law presumes most naturally, proximately, and necessarily result from the publication in question. They are such damages as are recoverable without proof of special damage. The following elements may be taken into consideration in assessing such damages: injury to feelings, mental suffering, injury to character and reputation, and similar injuries, incapable of definite money valuation."
It is obvious that the above rule does not limit the damages recoverable to injury to reputation and mental suffering, and that in estimating the general damages to which plaintiff may be entitled the jury ought to know the nature and extent of his professional practice and the damage, if any, sustained thereto. The discovery sought may lead to evidence in this regard.
Subject always to the limitations set forth in R.R. 4:16-2, the very object of discovery proceedings is to obtain the details of his adversary's evidence. Bead Chain Manufacturing Co. v. Smith, 1 N.J. 118, 121 (1948); Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).
Under R.R. 4:16-2 it is of no avail to raise the formerly familiar cry of "fishing expedition." There are four restrictions upon the scope of the examination: first, the matter must be relevant; second, the matter must not be privileged; third, secret processes, developments or research need not *358 be disclosed; fourth, the proceeding must not be so conducted as to annoy or embarrass a party or witness.
It is the opinion of this court that the sought for discovery in the present action is well without these restrictions and seems to be eminently proper. Counsel will present an appropriate order.