**In re SAN JUAN DUPONT PLAZA HOTEL FIRE LITIGATION.**

**MDL No. 721.**

United States District Court,
D. Puerto Rico.

Sept. 8, 1987.

---

Peter Berkowitz, Stanley M. Chesley, Wendell H. Gauthier, David C. Indiano, Will Kemp, Harvey B. Nachman, Jorge Ortiz–Brunet, Jorge M. Suro–Ballester, Francisco M. Troncoso, San Juan, P.R., for plaintiffs.

José Enrique Otero, Irizarry & Otero Law Offices, San Juan, P.R., for Insurance Co. of North America.

Alberto Picó, Brown, Newsome & Cordova, Hato Rey, P.R., Antonio M. Bird, San Juan, P.R., for Sheraton Corp.

J.T. Fetterly, Fetterly & Gordon, P.A., Hato Rey, P.R., Rafael Vizcarrondo, Fiddler, Gonzalez & Rodriguez, San Juan, P.R., for San Juan Dupont Plaza Corp.

David Carrión–Fuentes, Carrión–Fuentes Law Offices, San Juan, P.R., for San Juan Hotel Associates.

Charles A. Cordero, Cordero, Colon, Miranda & Pinto, San Juan, P.R., for American Intern. Ins. Co.

Luis Sánchez–Betances, Sánchez–Betances & Sifre, Hato Rey, P.R., for Shelby Williams—furniture manufacture.

Alex Gonzalez, Old San Juan, P.R., for Toro & Ferrer Architecture.

Miguel Cabrera, Santurce, P.R., Pedro J. Varela, Hato Rey, P.R., for Union de Tronquistas.

Edgarde Colon–Arraras, Goldman & Antonetti, Santurce, P.R., for Hotel Systems Intern.

Herman Colberg, Reichard & Colberg Law Offices, Old San Juan, P.R., for Hotel Equipment Leasing Ass'n.

## MAGISTRATE'S OPINION AND ORDER NO. I

JUSTO ARENAS, United States Magistrate.

Non-party witness William B. Eberle was served with a subpoena duces tecum issued by the United States District Court for the District of Idaho in May, 1987. Mr. Eberle agreed to appear in California, where other depositions in this case were being taken, for the taking of his own deposition. He objected to the production of certain documents. Plaintiffs moved to quash Mr. Eberle's objections on May 29, 1987.

### JURISDICTION

In his brief filed August 12, 1987, Mr. Eberle attacks the jurisdiction of this court to order the production and disclosure of his tax returns and financial statements pursuant to subpoena issued in Idaho. Rule 45(d)(1), of the Federal Rules of Civil Procedure, reads in part "If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued." An action to enforce compliance with a subpoena issued pursuant to Rule 45(d)(1) must generally be brought in the court which issued the subpoena, and in the court where the action is pending. *Wm. T. Thompson Co. v. General Nutrition*

*Corp., Inc.*, 671 F.2d 100, 102 (3d Cir.1982); *First National Bank at Thermopolis v. Western Casualty Surety Co.*, 598 F.2d 1203, 1206 (10th Cir.1979); *In re Uranium Antitrust Litigation*, 503 F.Supp. 33, 35 (N.D.Ill.1980).

Mr. Eberle argues that this court has no authority to enforce the Idaho subpoena, citing 28 U.S.C. § 1407(f) which states "the (judicial) panel (in multidistrict litigation) may prescribe rules for the conduct of its business *not* inconsistent with Acts of Congress and the Federal Rules of Civil Procedure." At first blush it appears that we are without jurisdiction to entertain this matter. Yet, in general terms, the law regarding multidistrict litigation would logically provide for a unified concept of pretrial proceedings. In fact, not only does the enabling statute provide for such coordination, in general, but specifically allows the transferee judge, in this case Honorable Raymond L. Acosta, to exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings. *See In re Molinaro/Catanzaro Patent Litigation*, 402 F.Supp. 1404, 1406 (Jud.Pan.Mult.Lit.1975); *Kaiser Indus. Corp. v. Wheeling-Pittsburgh Steel Corp.*, 328 F.Supp. 365, 370–71 (D.Del.1971); 28 U.S.C. § 1407(b). His powers as a transferee judge are nothing less than plenary. *See In re Multi-Piece Rim Products Liability Lit.*, 653 F.2d 671, 676–77 (D.C.Cir.1981). As an ordinary consequence of a transferee judge's additional duties, he may designate a United States magistrate to resolve non-dispositive civil motions, as Judge Acosta did in fact on May 11, 1987. Rule 72(a), Federal Rules of Civil Procedure. *See e.g. In re Agent Orange Product Liability Litigation*, 597 F.Supp. 740, 752 (E.D.N.Y.1984) (United States Magistrate Shira A. Scheindlin directed to control the completion of discovery on all issues). It is totally consistent with the spirit and wording of 28 U.S.C. § 1407 for a transferee judge to delegate authority under 28 U.S.C. § 636(b)(1)(A) which delegation does not result in a surrender of inherent Article III powers. This matter reflects no such surrender. Nor is

there any likelihood that a transferee judge's exercise of powers is somehow offensive to the transferor court or breaches notions of comity. *In re Upjohn Co. Antibiotic Cleocin Products, etc.*, 664 F.2d 114, 118 (6th Cir.1981); *cf. In re Uranium Antitrust Litigation*, 503 F.Supp. 33, 35 (N.D. Ill.1980). Because the law creates an additional power for the transferee judge, and he acts "with full powers" as a judge of the deposition district for these purposes, *see In re Corrugated Container Antitrust Litigation*, 644 F.2d 70, 74 n. 6 (2d Cir. 1981), it is necessary to append to the transferee judge enforcement powers in relation to subpoenas issued in the deposition district, *In re Corrugated Container Antitrust Litigation*, 662 F.2d 875, 880–81 (D.C.Cir.1981), including depositions and subpoenas addressed to non-parties. *See In re Corrugated Container Anti-Trust Litigation*, 620 F.2d 1086, 1091 (5th Cir. 1980), *cert. denied sub nom. Adams Extract Co. v. Franey*, 449 U.S. 1102, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981). The failure of a non-party deponent to comply with our directive or our decision would result in a certification in contempt addressed to the transferee judge acting as a judge in the deposition district. *See e.g. In re Corrugated Container Antitrust Litigation*, 662 F.2d 875, 881 (D.C.Cir.1981). Thus, there would be no inconsistency with that power under 28 U.S.C. § 1407 and the provisions of Rule 37 requiring that orders directed to recalcitrant deponents be issued in the district in which the deposition is taken. *Id.* The same reasoning applies to Rule 45(f), Federal Rules of Civil Procedure. Indeed, jurisdictional issues become germane in multidistrict litigation only at the appellate level in that where review of the transferee judge's order is sought, it would be directed to the appellate forum for the deposition court rather than to that of the transferee court. *Id.* In this case, appeal would be had at the Ninth and not the First Circuit. Regardless, it is now held that a United States magistrate, designated by a transferee judge, to perform duties under 28 U.S.C. § 636(b), is empowered to order compliance with a subpoena duces tecum

issued in a deposition court other than the transferee court. This ruling does not ignore the balancing of the interests of a non-party witness to be free of the inconvenience and expense of appealing pretrial matters in foreign forums with the interest of this court in efficiently consolidating all pretrial discovery.

## PRIVILEGE

■ Mr. Eberle raises as his second retort to the subpoena duces tecum the argument that federal and state law protect his tax returns and financial statements from discovery. He concedes after citing several cases in support that the majority of the courts do not recognize the existence of an unqualified privilege against disclosure. In fact, three jurisdictions in the United States specifically hold tax returns privileged and not subject to disclosure, mainly California, Massachusetts and South Dakota. *See Sav-On Drugs, Inc. v. Superior Ct. of Los Angeles Cty.,* 15 Cal.3d 1, 123 Cal.Rptr. 283, 287, 538 P.2d 739, 743 (1975); *Leave v. Boston Elevated Ry.,* 306 Mass. 391, 28 N.E.2d 483, 489 (1940); *Peterson v. Peterson,* 70 S.D. 385, 17 N.W.2d 920 (1945). While Mr. Eberle notes the significance of the "situs" of the deposition, i.e., California, we fail to attribute any portent to such argument. *See e.g. Cervantes v. Time, Inc.,* 464 F.2d 986, 989 n. 5 (8th Cir.1972). The subpoena in question was originated in Idaho where Mr. Eberle resides. Under the *Erie* doctrine, the transferee court must apply the law of that forum in ruling on a question of privilege. Because rules of privilege must be interpreted narrowly since they impinge on a party's rights to discovery, and because the law applicable to this matter is the law of the state of Idaho, we find no privilege to the production of the subpoenaed documents.

## CONFIDENTIALITY

Mr. Eberle makes reference to a general policy against disclosure of tax returns. Idaho has provided for the protection of the privacy of the tax returns by placing the information under a strict cloak of confidentiality. Idaho Code § 63–3076. However, the section is silent as to private litigants but is directed to public employees. This Magistrate has entered a confidentiality order providing for the proper disposition of documents requiring such discreet treatment. The matter of confidentiality has been properly raised by Mr. Eberle. Since the issue is addressed by our order, we render it moot.

## RELEVANCY

We originally stated at oral argument our inclination to deny plaintiff's request for production of the subpoenaed documents based upon the belief that federal law precludes discovery of information concerning the financial status of deponents in damage or collection cases until after a judgment is obtained. A nonparty might be arguably more protected. However, after further review of the subpoenaed documents, we find them to be relevant at this stage of the proceedings. The reason we find the returns and statements relevant are stated at pages 2 through 5 of plaintiffs' brief and which we adopt by reference as the basis for our ordering production of the subpoenaed documents.

SO ORDERED.