**In re WELDING ROD PRODUCTS LIABILITY LITIGATION**

No. C05–80234MISC JWHRL.

United States District Court, N.D. California, San Jose Division.

Dec. 7, 2005.

Robert J. Nelson, Eric B. Fastiff, Lieff, Cabraser, Heimann & Bemstein LLP, San Francisco, CA, Counsel for Plaintiffs.

Stewart Stone, Jr., Hoge, Fenton, Jones & Appel, Inc., San Jose, CA, Counsel for Non–Party The Parkinson's Institute.

**ORDER REFERRING NON–PARTY MOTION TO QUASH TO THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**

LLOYD, United States Magistrate Judge.

On December 6, 2005, this court held a hearing on its Order to Show Cause Whether This Matter Should Be Transferred to the District Court for the Northern District of Ohio. Upon consideration of

the papers submitted by the parties, as well as the arguments of counsel, the court issues the following order.

Non-party The Parkinson's Institute ("Institute") has filed a motion requesting that this court quash subpoenas duces tecum issued in connection with an underlying multidistrict litigation, *In Re Welding Rods Products Liability Litigation*, MDL No. 1535 ("MDL Action").[1] Plaintiffs say that the subpoenas seek information which underlies the defense experts' opinions that exposure to welding fumes does not cause neurological injuries.

The MDL Action currently is pending before the Honorable Kathleen McDonald O'Malley in the United States District Court for the Northern District of Ohio. Judge O'Malley has issued a standing order in that litigation, requesting that "district courts faced with discovery disputes related to the Welding Rod Litigation refer such disputes to [her] for resolution." (Fastiff Decl., Ex. A). She notes that the discovery disputes that arise in connection with the MDL action "involve complex issues whose resolution by various district courts risks inconsistent results and frustration of the goals of judicial economy and efficiency served by consolidation for pretrial purposes." (*Id.*) She further states that she "is not only willing but prefers to hear and resolve all discovery disputes that arise in any other United States District in connection with the Welding Rod Litigation." (*Id.*)

Plaintiffs in the Ohio action request that the Institute's motion to quash be referred to Judge O'Malley for resolution. They contend that such transfers are authorized under 28 U.S.C. § 1407(b) and that such a transfer here will serve the interests of justice and efficiency underlying the MDL rules.

The Institute objects to any transfer on several grounds. First, it argues that under Fed.R.Civ.P. 45, this court is the one which properly may enforce subpoenas issued in this district, and that absent the Institute's consent, the instant discovery dispute cannot be transferred to any other district. Second, while the Institute acknowledges that MDL-transferee courts have exercised powers of other district courts under 28 U.S.C. § 1407(b), it contends that the District Court in Ohio nonetheless lacks jurisdiction over the Institute. Here, it asserts that Judge O'Malley has declined to intervene in plaintiffs' transfer request and advised them to bring their request before this court. Third, the Institute contends that there is no authority by which the requested referral may be made.

In ordinary circumstances, this court would agree with the Institute. Under Fed.R.Civ.P. 45, "[i]f separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made." FED.R.CIV.P. 45(a)(2). Normally, disputes over discovery from a non-party are decided by the court which issued the subpoena, unless the non-party consents that the matter be resolved by a court in another district. *See* FED.R.CIV.P. 45(c)(2)(B) ("If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued."); *see also In Re Sealed Case*, 141 F.3d 337 (D.C.Cir.1998) (district courts have no inherent authority to transfer non-

---

1. Plaintiffs advise that the litigation has recently been changed from "Welding Rod" to "Welding Fumes" Litigation.

party discovery disputes under Fed. R.Civ.P. 45); *Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123, 125 (M.D.N.C.1990) (stating that transfers are "not possible when the issue involves a non-party who has not expressly or implicitly consented to such a transfer").

Where pretrial proceedings have been consolidated by the judicial panel on multi-district litigation, however, "[s]uch coordinated or consolidated pretrial proceedings shall be conducted by a judge ... to whom such actions are assigned ...." 28 U.S.C. § 1407(b). Further, that judge "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." *Id.*

Thus, plaintiffs' transfer request presents an apparent conflict between Fed. R.Civ.P. 45 and Title 28 U.S.C. § 1407(b). Neither party has cited, and this court has not found, binding precedent on point; and this court recognizes that whether an MDL-transferee court may enforce a documents-only subpoena under the authority conferred by 28 U.S.C. § 1407(b) is not a settled question. Further, the court is mindful that another court in this district has construed section 1407(b) as encompassing only depositions, and not documents-only subpoenas. *See VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D.Cal. 2002) ("Had Congress wanted to expand these powers to document subpoenas, it would have said so."). Indeed, no legislative history has been cited to indicate that Congress intended otherwise.

At the same time, however, the stated purpose of coordinating pretrial proceedings in MDL actions is to "promote the just and efficient conduct of such actions."

28 U.S.C. § 1407(a). Most courts which have addressed the issue have concluded that section 1407(b) empowers an MDL-transferee court to exercise the powers of any other district court, including the enforcement of documents-only subpoenas. *See, e.g., United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 270, 274–75 (D.D.C. 2002) (concluding that the grant of power under section 1407(b) includes the authority to enforce documents-only subpoenas issued in another district); *In Re Sunrise Securities Litig.*, 130 F.R.D. 560, 586 (E.D.Pa.1989) (same); *In Re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30, 32–33 (D.P.R.1987) (same).

There is some question as to whether an MDL-transferee court may reach out and compel an extra-district non-party to appear before it. Moreover, there apparently is no clear authority stating whether this court may transfer non-party discovery disputes to the MDL-transferee court in another district. However, there is some support for the proposition that, in the MDL context, the subpoena-issuing court may do so. *See, e.g., In the Matter of Orthopedic Bone Screw Products Liability Litig.*, 79 F.3d 46 (7th Cir.1996) (finding that transfer of non-party dispute over deposition subpoena could properly be transferred to the MDL-transferee court in another district); *In Re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F. Supp.2d 1 (D.D.C.2003) (referring a non-party discovery dispute over a subpoena duces tecum to the MDL-transferee court in New Hampshire in the interests of coordinating pretrial matters before a single judge and avoiding unnecessary duplication in discovery).[2]

**2.** Plaintiffs point out that, in an unreported decision, the District Court for the Southern District of New York has also transferred a non-party discovery dispute over a document subpoena to the MDL-transferee judge in another district. *See In Re Subpoena Issued to*

*In Re Uranium Antitrust Litigation,* 503 F.Supp. 33 (N.D.Ill.1980), cited by the Institute, does not compel a contrary conclusion. In that case, courts in other districts declined to refer pending non-party discovery disputes to the MDL-transferee court in Illinois. The Illinois court acknowledged that reasonable minds could differ as to the propriety of transferring non-party discovery disputes, "recogniz[ing] that the varying language and interpretations of the Federal Rules of Civil Procedure as they relate to non-party discovery form a justifiable basis for a difference of opinion." *Id.* at 34. However, the Illinois court expressed its view that non-party discovery disputes are transferable, and that section 1407(b) allowed it to travel from district to district resolving non-party discovery disputes. *Id.* at 35.

In the instant case, the Institute, when pressed, offered no cogent reasons why this court is in any better position to rule on the pending motion to quash. Indeed, the Institute's counsel indicated that both courts are equally capable of resolving the motion. He further agreed that if, hypothetically, plaintiffs' subpoena also requested a deposition, then Judge O'Malley would have authority to supervise both the deposition as well as the production of documents. Perhaps most notably, and notwithstanding its jurisdictional objections, the Institute agreed that if Judge O'Malley were to travel to this district, she could then properly rule on the Institute's pending motion to quash. However, Judge O'Malley's standing order states that her court "will make every effort to prevent undue hardship to non-parties in other districts and their counsel, including the avoidance of unnecessary travel and expense, and will make every effort to

resolve disputes by telephone whenever possible." (Fastiff Decl., Ex. A). This court is not persuaded that there is a significant difference between the Institute's participation in a live hearing with Judge O'Malley in this district (which the Institute agrees is proper) and its participation in a telephonic hearing (which Judge O'Malley apparently is willing to hold). In any event, decisions issued after the *Uranium Antitrust* opinion (discussed above) conclude the MDL-transferee judge need not be physically present in the subpoena-issuing district in order to exercise powers as a judge sitting in that district. *See, e.g., Pogue,* 238 F.Supp.2d at 274 n.2 ("We do not find that § 1407 requires the Court to become a peripatetic dispenser of justice ...."); *In Re Factor VIII or IX Concentrate Blood Products Litig.,* 174 F.R.D. 412, 415 ("Requiring a transferee judge to travel from district to district to hold hearings and rule on discovery matters would hardly be an efficient way of managing consolidated pretrial proceedings.").

Under the particular circumstances presented here, this court is persuaded that referring the instant dispute to the Northern District of Ohio will best serve the interests of justice, judicial efficiency, and consistency underlying the MDL rules. There is no dispute that the MDL Action is complex. As the judge assigned to that action, Judge O'Malley is readily familiar with the underlying issues. The record presented indicates that she has already spent considerable time and effort coordinating the pretrial proceedings, including the resolution of extra-district non-party discovery disputes and the parties' *Daubert* motions. Moreover, there is no indication that the Institute will be deprived of

*Boies, Schiller & Flexner LLP,* 2003 WL 1831426, No. M8–85 (S.D.N.Y., Apr. 3, 2003) (transferring a motion to quash a non-party document subpoena to the MDL-transferee court in New Hampshire).

the application of Ninth Circuit authority on the merits of its motion. As the Institute's counsel acknowledges, the laws and rules of this district are to be applied in resolving the Institute's motion. *See Pogue v. Diabetes Treatment Centers*, 238 F.Supp.2d 270, 276 (D.D.C.2002) ("[I]f a court is sitting as a court of another district … [it] is bound by the rules and law of the district in which [it] is sitting as a judge, and the parties are likewise bound."); *see also In Re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30, 32 (D.P.R.1987) (stating that appeal of transferee judge's order is to be made to the appellate forum for the district in which the subpoena issued).

Accordingly, IT IS ORDERED THAT the Institute's motion to quash the subpoenas duces tecum is referred to Judge O'Malley for resolution.