NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0826-15T2

VICTOR LOURO AND
JENNIFER LOURO,

 Plaintiffs-Respondents,

v.

FELIPE PEDROSO, PEDROSO LAW
FIRM, P.C., AND PEDROSO LEGAL
SERVICES, L.L.C.,

 Defendants-Appellants.
_________________________________

 Argued April 6, 2017 – Decided June 14, 2017

 Before Judges O'Connor and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-5717-
 12.

 Filipe Pedroso,1 appellant, argued the cause
 pro se.

 Monique D. Moreira argued the cause for
 respondents (Moreira & Moreira, P.C.,
 attorneys; Ms. Moreira, on the brief).

1
 Filipe Pedroso's name is spelled as Felipe in the captions and
orders in this matter. However, he signs his documents as Filipe.
Therefore, we refer to him as Filipe Pedroso throughout this
opinion.
PER CURIAM

 On January 8, 2014, the trial court entered a $21,673 judgment

against defendants Pedroso Law Firm, P.C. and Pedroso Legal

Services, L.L.C., after a jury found defendants owed plaintiffs

unpaid rent. Because defendants have not paid the judgment,

plaintiffs sought to compel Filipe Pedroso, as principal of Pedroso

Law Firm, P.C., to attend a deposition, to provide plaintiffs with

financial documents, and to pay attorney's fees. Defendants now

appeal from August 21, September 10, October 9, and October 23,

2015 orders compelling Pedroso to do so. We affirm in part and

remand in part.

 On August 1, 2012, plaintiffs filed suit against Pedroso

individually and Pedroso Law Firm, P.C. for unpaid rent and fraud.

Tried before a jury, the matter concluded on December 16, 2013,

when the jury rendered a verdict finding defendants occupied the

first floor at 38 Jefferson Street in Newark in 2012 and 2013, and

did not pay the fair monthly rental value of $1500. The jury

found no fraud, and thus, the judge dismissed a fraud claim against

Filipe Pedroso.

 The January 8, 2014 judgment ordered "Pedroso Law Firm[,]

P.C. shall pay the plaintiffs in this matter $21,000.00," as well

as $673.15 in pre-judgment interest, for a total of $21,673.15.

The judgment also included Pedroso Legal Services, L.L.C. This

 2 A-0826-15T2
entity was included because Pedroso had created this LLC while

litigation was ongoing, an act that was the subject of a direct

appeal from the judgment. We agreed it was not error for the

trial court to include Pedroso Legal Services, L.L.C. as a

successor law firm, in the judgment. Louro v. Pedroso Law Firm,

P.C., No. A-2599-13 (App. Div. June 4, 2015).

 At a point unclear from the record, plaintiffs served an

information subpoena on defendants, which resulted in the

production of defendants' bank account number. In May 2014, a

writ of execution disclosed this account had a balance of $0.

 On August 4, 2015, plaintiffs moved to compel Filipe Pedroso,

as principal of Pedroso Law Firm, P.C. and Pedroso Legal Services,

L.L.C., to appear for a post-judgment deposition and produce "any

and all tax returns for the years 2012, 2013, and 2014, bank

account statements, and all pertinent financial information for

both Pedroso Law Firm[,] P.C. and Pedroso Legal Services, L.L.C."

Plaintiffs also sought legal fees and costs, as well as any other

relief the court might "deem just and equitable." Defendants

opposed the motion.

 On August 21, 2015, the court ordered Pedroso to attend a

post-judgment deposition within twenty days and produce the

requested financial documents. The order also provided "defendant

shall pay plaintiff's attorney fees in connection with this motion

 3 A-0826-15T2
in an amount to be decided pursuant to the submission of an

affidavit of services."

 Defendant moved for a protective order, with a signature date

of September 3, 2015, seeking in camera review of the tax returns

and other financial documents. Plaintiff opposed the motion and

submitted an affidavit of services requesting $925 in legal fees.

On September 10, 2015, the court ordered "defendants, Felipe

Pedroso and Pedroso Law Firm[,] P.C. and Pedroso Legal Services,

[L.L.C.] shall pay the moving party $925."

 On September 11, 2015, defendants wrote to the court,

asserting they should not have to pay plaintiffs' legal fees

related to the motion because they had no prior notice of

plaintiffs' request for a deposition.2

 Defendants received the September 10, 2015 fee order on

September 16, 2015. Defendants moved for reconsideration on

September 25, 2015, arguing Pedroso, as an individual, was not

subject to the order, and the award of counsel fees was

inappropriate. Defendants continued to press for a protective

order.

2
 A post-judgment deposition took place on October 29, 2015.
Whether defendant ever provided any requested financial documents
is unclear.

 4 A-0826-15T2
 The court issued another order for payment of costs and fees

of $925 on October 9, 2015. That order provided "defendant shall

pay plaintiff's attorney fees in connection with this opposition

in an amount to be decided pursuant to the submission of an

affidavit of services." The court also denied defendants' motion

for a protective order on October 9, 2015, and again, ordered

Pedroso to attend the deposition and provide the relevant financial

documents at the deposition. In denying the motion, the judge

wrote "no privilege" and "no 'good cause.'" On October 23, 2015,

the judge denied defendants' motion for reconsideration,

indicating, "denied, relief sought was previously adjudicated and

movant has proven no legal basis for its motion."

 Defendants appealed the August 21, 2015 and October 9, 2015

orders on October 23, 2015. Defendants then filed an amended

notice of appeal adding the September 10, 2015 and October 23,

2015 orders.

 On appeal, defendants argue the judge erred by refusing an

in camera review of the financial documents before compelling

their release to plaintiffs. Because the notes on the October 9,

2015 order justifying its entry are ambiguous, and possibly

contradict denial of relief, we are constrained to remand this

matter for clarification.

 5 A-0826-15T2
 Tax returns are not privileged, Finnegan v. Coll, 59 N.J.

Super. 353, 356 (Law Div.), certif. denied, 32 N.J. 357 (1960);

however, individuals have "a legitimate interest" in their tax

records remaining confidential, Lepis v. Lepis, 83 N.J. 139, 157

(1980). Thus, New Jersey courts have allowed "discovery and

inspection of income tax returns for good cause." De Graaff v.

De Graaff, 163 N.J. Super. 578, 582 (App. Div. 1978) (requiring

in camera review before disclosure of tax returns in child support

litigation) (quoting Ullmann v. Hartford Fire Ins. Co., 87 N.J.

Super. 409, 415 (App. Div. 1965)).

 Disclosure should only be required when it serves a

"substantial purpose," and disclosure of full returns should not

be required "if partial disclosure will suffice." Ibid. "[I]n

all but the clearest cases[,] the return should be examined by the

judge before any disclosure is ordered." Ullman, supra, 87 N.J.

Super. at 416. Further, if the information sought from the tax

records can be obtained through other means, a party has not shown

good cause for production. De Graaff, supra, 163 N.J. Super. at

582. Good cause is a term without a precise definition, but good

cause must be determined on a case-by-case basis based on the

facts presented. Ullman, supra, 87 N.J. Super. at 414.

 Here, the denial of defendants' motion for a protective order

includes the handwritten notes "no privilege applies" and "no

 6 A-0826-15T2
'good cause.'" We can only surmise the denial language is a

reference to defendants' form of order, which proposed

"[d]efendant filed this motion for a protective order asking the

court to undergo an in camera review of the documents to determine

whether production is appropriate; and the court having reviewed

the motion papers, opposition (if any), and oral argument (if

granted); and for good cause shown . . . ." (emphasis added).

 Good cause, however, is the standard plaintiffs must show to

gain access to defendant's tax returns. By finding "no 'good

cause,'" the judge's reasons implies plaintiffs did not meet their

burden to justify the release of the tax returns; however, the

relief denied defendant's request for a protective order and in

camera review, which appears in direct conflict with the reasoning.

Therefore, we remand for the judge to clarify why the protective

order was denied.

 Defendants next argue the trial court erred by granting

plaintiff counsel fees in the August 21, 2015 order because

"defendant(s) were not in violation of any discovery order." We

disagree and affirm the order for defendants to pay costs.

 Under Rule 6:7-2(b), an information subpoena can be served

upon a judgment debtor. If a judgment debtor fails to comply with

the information subpoena, a judgment creditor can commence

proceedings for relief through a motion to the court. R. 6:7-

 7 A-0826-15T2
2(e). The proceedings should comply with Rule 1:10-3, which

states, "[t]he court in its discretion may make an allowance for

counsel fees to be paid by any party to the action to a party

accorded relief under this rule."

 Rule 4:59-1(f) provides for the deposition of a judgment

debtor by the judgment creditor to aid in the execution of a

judgment pursuant to Rule 6:7-2, discussed above. This rule allows

a judgment creditor to obtain an order requiring a deposition of

any person who may have information concerning property of a

judgment debtor. R. 6:7-2(a). The rule does not require notice

of a motion to compel a deposition but requires service of the

order for discovery. R. 6:7-2(c). Additionally, "[t]he court may

make any appropriate order in aid of execution." R. 4:59-1(f).

 Defendant contends counsel fees were erroneously awarded

because plaintiffs never made a request for a deposition prior to

filing their motion to compel a deposition. Defendant relies on

the rules for conducting discovery depositions, found in Rule

4:23-1.

 Plaintiffs were not required to request a deposition of

defendant prior to filing a motion to compel one. Plaintiffs

moved for the court to compel the deposition of Pedroso based upon

defendants' failure to comply with an information subpoena and

actions that plaintiffs characterized as defendants' attempts to

 8 A-0826-15T2
evade paying the judgment. The judge was presented with a record

upon which he could have reasonably concluded defendants were

avoiding paying the judgment by failing to comply with the

information subpoena. Thus, we discern no abuse of discretion,

and the imposition of counsel fees was appropriate.

 Defendant also argues the trial judge erred by entering two

orders on October 9, 2015, because they had been prepared by

plaintiffs when plaintiffs had not filed cross-motions.

Defendants' argument lacks merit. R. 2:11-3(E)(1)(e).

 On August 21, the court ordered "defendant shall pay

plaintiffs' attorney fees in connection with this motion in an

amount to be decided pursuant to the submission of an affidavit

of services." When plaintiffs responded to defendant's motion for

a protective order, they provided a certification of the legal

services and a form order, so the appropriate fees could be

determined by the court. The judge then issued an order stating

the specific fees defendants must pay plaintiff. No cross-motion

was necessary, and the orders were appropriate.

 Last, defendant argues the motion judge erred by entering the

September 10, 2015 and October 9, 2015 orders against Pedroso as

an individual, in addition to his law firm entities. We agree and

remand for the trial judge to correct such orders.

 9 A-0826-15T2
 We previously determined the original judgment applied to

both defendant's original law firm entity, Pedroso Law Firm, P.C.,

and a subsequently created entity, Pedroso legal Services, L.L.C.

Louro, supra, No. A-2599-13. We stated the ultimate jury verdict

for unpaid rent "was only against the law firm and not against

Pedroso personally." The caption of this decision also has a

footnote providing, "The party was incorrectly designated as

Felipe Pedroso."

 Plaintiff argues Pedroso should be included individually on

the order for legal fees as the attorney for the law firm because

he deliberately obstructed the discovery process. See Baxt v.

Liloia, 155 N.J. 190, 210-11 (1998). However, the use of Pedroso's

name after the word "defendant" implies he was included in the

order as a defendant and not for his role as counsel for his law

firms. We agree Filipe Pedroso, as an individual, should not have

been included on the orders for costs. We therefore remand for

the trial judge to re-issue the orders with the appropriate

defendants.

 Affirmed in part and remanded in part. We do not retain

jurisdiction.

 10 A-0826-15T2