**In re FACTOR VIII OR IX CONCENTRATE BLOOD PRODUCTS LITIGATION.**

**This Document Relates to All Cases.**

**MDL–986.**
**No. 93 C 7452.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 12, 1997.

David Shrager, Lead Counsel on Steering Committee, Philadelphia, PA, for plaintiffs.

## MEMORANDUM OPINION AND ORDER

GRADY, District Judge.

A discovery motion in this multidistrict litigation calls upon this court to interpret the italicized language in the concluding sentence of 28 U.S.C. § 1407(b):

> The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge *in any district* for the purpose of conducting *pretrial depositions* in such coordinated or consolidated pretrial proceedings.

Plaintiffs in the litigation are individuals suffering from hemophilia who have allegedly been infected with the HIV virus as a result of using contaminated blood products manufactured by the defendants.[1] Plaintiffs have served a deposition *subpoena duces tecum,* issued out of the United States District Court for the District of Connecticut, on a company known as The Marketing Research Bureau, Inc. ("MRB"), calling for the records custodian of the company to produce and authenticate documents collected or prepared by MRB in the course of research it conducted concerning blood products. The subpoena is returnable at the office of MB in Orange, Connecticut.

MRB has refused to comply with the subpoena and plaintiffs have moved this court, as the transferee court in the multidistrict litigation, for an order compelling compliance.

------

■ MRB challenges the jurisdiction of this court to order compliance with the subpoena. It argues that under Rule 45(c) of the Federal Rules of Civil Procedure production can be compelled only by "an order of the court by which the subpoena was issued." This is the language of the rule, but in a

multidistrict case the language must be read in conjunction with the provision of § 1407(b) of Title 28 providing that the transferee judge "may exercise the powers of a district judge *in any district* for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." (Emphasis added). Plaintiffs argue that, pursuant to § 1407(b), this court, as the transferee court, is able to exercise the powers of a district judge for the District of Connecticut for the purpose of enforcing the subpoena issued in that district. MRB opposes this interpretation of the statute and cites *In re Uranium Antitrust Litig.,* 503 F.Supp. 33 (N.D.Ill.1980), for the proposition that the discovery dispute can be resolved only in the District of Connecticut. In the *Uranium* case, Judge Marshall of this court, as transferee judge in the multidistrict litigation, suggested that non-party discovery motions that had been filed in two other districts be transferred to him for decision. The judges in the other districts ruled that they lacked authority to transfer the disputes, and Judge Marshall believed that the only option § 1407(b) gave him in the circumstances was to travel to the other districts and resolve the disputes there:

> The actions were transferred and assigned to us "for coordinated or consolidated pretrial proceedings." Section 1407(b) provides that, "The judge ... to whom such actions are assigned, ... may exercise the powers of a district judge *in* any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." (emphasis added). The preposition "in," we must assume, was advisedly used. Thus, the statute clearly authorizes us as transferee judge to journey to another district to hear a discovery dispute *in* that district, but we may lack the authority to exercise the judicial power of a judge of the other district from our present forum, i.e., reach out, assert jurisdiction, and compel the non-party disputants to the out-of-district

---

**1.** For a general description of the litigation, see *In Re Factor VIII or IX Concentrate Blood Prod-* ucts, 169 F.R.D. 632, 633–34 (N.D.Ill.1996).

discovery controversy to appear initially in this district.

*Id.* at 35. Judge Marshall concluded that he would "go to other districts to hear and decide motions to compel discovery from non-parties", and ordered the parties to arrange hearing dates and judicial accommodations for him in other districts in the event of any further such disputes. *Id.*

Judge Marshall interpreted the word "in" which appears in § 1407(b) to mean that the transferee judge had to be physically present in the district where the dispute arose in order to resolve the dispute. We are aware of no other case which has attached this meaning to the language of § 1407(b) or which has held that a transferee judge must travel to another district in order to act in the multidistrict litigation. On the other hand, there are cases that, without explicitly referring to the preposition "in," have interpreted the language of § 1407(b) to mean that the transferee judge, sitting in the transferee district, can exercise the powers of a judge *of* any district. An example is *In re Corrugated Container Anti–Trust Litigation,* 620 F.2d 1086 (5th Cir.1980). Judge Singleton of the Southern District of Texas was the transferee judge. The deposition of a non-party, Fleischacker, was taken in the Southern District of New York, and "Judge Singleton, in Houston, presided over that deposition by means of a speaker-phone connection." *Id.* at 1089. The deponent refused to answer certain questions. Judge Singleton ordered him to answer and then held him in contempt when he refused. The witness appealed to the Fifth Circuit on the theory that Judge Singleton's order was an order entered by a judge of the Southern District of Texas. The Fifth Circuit analyzed Judge Singleton's powers under § 1407(b) and found that he had acted appropriately in presiding over the New York deposition:

> Under section 1407(b), the judge to whom a multidistrict case is assigned, "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." It was this provision that enabled Judge Singleton to preside over

Fleischacker's deposition in New York. In ordering Fleischacker to respond and in holding him in contempt, Judge Singleton was exercising the powers of a district judge of the District Court for the Southern District of New York.

*Id.* at 1090–91. The court went on to rule that Judge Singleton was incorrect, however, in regarding his orders as orders of the district court for the Southern District of Texas. Instead, they were orders of the United States District Court for the Southern District of New York and were thus appealable only to the Court of Appeals for the Second Circuit. The Fifth Circuit, therefore, dismissed the appeal by the New York deponent for lack of jurisdiction. *Id.* at 1091.

Meanwhile, the deponent had also appealed to the Second Circuit. It turned out to be a good idea, because that court agreed with the Fifth Circuit that Judge Singleton's order was an order of a judge of the Southern District of New York:

> Judge Singleton, exercising the power of a judge of the Southern District of New York, pursuant to 28 U.S.C. § 1407(b) (1976), ordered Fleischacker to answer the questions.

*In Re Corrugated Container Antitrust Litig.,* 644 F.2d 70, 73 (2d Cir.1981). In a ready transposition of "in" to "of," the court explained what had occurred by virtue of § 1407(b):

> Judge Singleton was a district judge of the Southern District of Texas, and the order of contempt had been issued in connection with multidistrict litigation consolidated within the Fifth Circuit; yet, Judge Singleton had "exercise[d] the powers" of a district judge of the Southern District of New York.

*Id.* The court expressed no opinion as to whether the Fifth Circuit had jurisdiction, but concluded that it had jurisdiction itself because Judge Singleton "was exercising the power of a judge of the Southern District of New York...." *Id.* at 74 n. 6.

The same conclusion was reached by other circuits as to the propriety of orders issued by Judge Singleton in Houston, pursuant to § 1407(b), concerning depositions of non-parties taking place in districts outside the

Southern District of Texas. *See In Re Corrugated Container Antitrust Litig.*, 662 F.2d 875, 879–81 (D.C.Cir.1981); *see also In Re Corrugated Container Antitrust Litig.*, 661 F.2d 1145, 1147–48 n. 4 (7th Cir.1981) (propriety of procedure recognized but not an issue raised on appeal), *aff'd sub nom. Pillsbury Co. v. Conboy*, 459 U.S. 248, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983).

An objection similar to that raised by MRB in this case was raised by a subpoenaed non-party in *In re Sunrise Securities Litigation*, 130 F.R.D. 560 (E.D.Pa.1989), a multidistrict case in which Judge Thomas N. O'Neill, Jr. of the Eastern District of Pennsylvania was the transferee judge. In an excellent opinion, analyzing the reach of § 1407(b) and citing the authorities discussed above, *id.* at 585, Judge O'Neill concluded:

> Thus, a multidistrict judge may decide a motion to compel a non-party in other districts even if he or she is not physically situated in those districts. Therefore, in this litigation I may, pursuant to § 1407(b), exercise the powers of the U.S. District Courts for the Southern District of Florida and the Northern District of Georgia to enforce the subpoenas issued by those Courts against [the non-parties].

*Id.* at 586; *see also In re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30 (D.P.R.1987) (pointing out that there is no inconsistency between § 1407(b) and Rule 45).

In light of these authorities, it is clear that 28 U.S.C. § 1407(b) gives this court the authority to rule, as transferee judge, on the motion to compel compliance with the subpoena issued in the District of Connecticut. This conclusion is not only consistent with the cases, it is consistent with the purpose of § 1407, which is to create an expedited procedure for the handling of multidistrict litigation. Requiring a transferee judge to travel from district to district to hold hearings and rule on discovery matters would hardly be an efficient way of managing consolidated pretrial proceedings.

------

■ MRB sees a problem in some additional language of § 1407(b): The statute authorizes a judge to exercise powers "for the purpose of conducting pretrial depositions." MRB argues that the *subpoena duces tecum* served on it does not call for a deposition but for the production of documents, which is different from a deposition.

"Pretrial depositions" as used in § 1407(b) refers to a procedure whereby a witness is required to appear prior to trial and answer questions under oath or affirmation. The procedure is set forth in Rule 30 of the Federal Rules of Civil Procedure. Rule 30(b)(1) specifically provides that if a *subpoena duces tecum* is served on the deponent, the materials called for by the subpoena shall be referred to in the notice of the deposition. The rule contemplates what often happens in practice: The deponent produces documents pursuant to the subpoena and is examined about them at the deposition. It is obvious that Congress intended to authorize the transferee judge to conduct whatever proceedings are normally associated with "pretrial depositions," and certainly the production, identification, and discussion of documents is an integral part of many depositions. In some instances, if the documents are not produced and identified, there can be no deposition, because the documents will be the principal subject matter of the deposition questions. It would make no sense for § 1407(b) to confer authority to conduct depositions but not the authority to require production of documents at a deposition.

MRB cites no authority to support its narrow interpretation of the statutory language. It is notable that in *In re Sunrise Securities Litigation*, the subpoenas enforced by Judge O'Neill pursuant to his authority under § 1407(b) were *subpoenas duces tecum* requiring various deponents to produce documents at their depositions. 130 F.R.D. at 585. No issue was raised as to whether § 1407(b) covered document production.

## CONCLUSION

We conclude that, as transferee court, we do have the authority under 28 U.S.C. § 1407(b) to rule on plaintiffs' motion to compel compliance with the deposition *subpoena duces tecum* issued by the district

court for the District of Connecticut. In so ruling, we will act as a judge of that district.

MRB may file a response to the motion to compel by August 29, 1997. Plaintiffs may reply by September 16, 1997.