**VISX, INC., Plaintiffs,**

v.

**NIDEK CO., et al., Defendants.**

Nos. C98–4842CRB(BZ), C00–0870CRB(BZ), C00–0869CRB(BZ), C00–0871CRB(BZ).

United States District Court,
N.D. California.

June 27, 2002.

Robert P. Feldman, Susan Creighton, Mark D. Flanagan, Ron E. Shulman, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, Anna Erickson White, Alan Cope Johnston, Cynthia L. Lopez, Morrison & Foerster, Palo Alto, CA, Harold J. McElhinny, Morrison & Foerster LLP, San Francisco, CA, for plaintiff.

Alexander L. Brainerd, James R. Knox, Heller Ehrman White & McAuliffe, Menlo Park, CA, Henry Gutman, Simpson Thacher & Bartlett, New York City, Neil B. Siegel, Robert M. Masters, Abraham Rosner, Sughrue Mion Zinn MacPeak & Seas, Washington, DC, David Eiseman, Quinn Emanuel Urquhart Oliver & Hedges LLP, San Francisco, CA, Frank L. Bernstein, Anirma Rakshpal Gupta, Sughrue Mion Zinn Mac-

Peak & Seas, Menlo Park, CA, for defendants.

## ORDER DENYING MOTION TO ENFORCE DOCUMENT SUBPOENAS

ZIMMERMAN, United States Magistrate Judge.

Before the court is VISX's motion to enforce document subpoenas issued to at least 16 third parties. Relying on Fed.R.Civ.P. 45, Nidek asserts that this court lacks jurisdiction to rule on the subpoenas, because they were issued by courts outside the Northern District of California.

■ Under Rule 45, the only procedure for enforcing a subpoena duces tecum is to institute contempt proceedings before the district court that issued the subpoena. *See* Fed.R.Civ.P. 45(e); Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial §§ 11:409, 11:949 (2001).[1]

■ Despite the clear language of Rule 45, VISX argues that this court has jurisdiction to enforce the document subpoenas because it is the transferee court in multidistrict litigation. VISX bases its argument on 28 U.S.C. § 1407(b), which states:

> [t]he judge or judges to whom such [multidistrict] actions are assigned ... may exercise the powers of a district judge in any district for the purpose of conducting **pretrial depositions** in such coordinated or consolidated pretrial proceedings.

28 U.S.C. § 1407(b) (emphasis added).

The flaw in VISX's argument is that § 1407(b) expands a transferee court's discovery powers only to pretrial depositions.[2]

Had Congress wanted to expand these powers to document subpoenas, it would have said so. VISX has not produced, and the court has not found, any legislative history or commentary to suggest Congress meant something other than what it said.

VISX relies on two cases construing § 1407(b) which hold that a transferee court may enforce a subpoena for the production of documents at a deposition, issued by the district court in which the witness is located. *See In re Factor VIII or IX Concentrate Blood Prods. Litig.,* 174 F.R.D. 412, 415 (N.D.Ill.1997);[3] *In re Sunrise Sec. Litig.,* 130 F.R.D. 560, 585–86 (E.D.Pa.1989). Neither of these cases consider whether § 1407(b) extends a transferee court's authority to enforce a documents only subpoena.

VISX further asserts that the interests of judicial economy and of uniformity require this court as transferee court to rule on all the subpoenas. However strong those interests may be, they exist in any case in which subpoenas duces tecum issue from courts other than the district in which a case is pending. Yet Rule 45 is clear that such subpoenas can only be enforced in the district in which they were issued.

For the foregoing reasons, it is hereby **ORDERED** that VISX's motion to enforce document subpoenas is **DENIED**.

---

1. Likewise, only "the court by which the subpoena was issued shall quash or modify the subpoena ...." Fed.R.Civ.P. 45(c)(3)(A). *See also In re Armstrong (Meeks v. Red River Entertainment of Shreveport),* 1997 WL 739616 at *1 (Bankr. E.D.Ark. Nov.12, 1997); *Aguinaga v. United Food and Commercial Workers Int'l Union,* 1993 WL 405964 at *2 (D.Kan. Sept.27, 1993); 9A Wright & Miller, Federal Practice & Procedure § 2459 (1995).

2. Under Fed.R.Civ.P. 30(d)(4), even in non-multidistrict litigation, the court in which the action is pending has jurisdiction to issue orders with respect to depositions taken in other districts.

3. While it is not altogether clear whether the subpoena in *Factor VIII* was for documents only or was for documents to be produced at a deposition, *compare* 174 F.R.D. at 415 *with* 413, 415–16, the court in its analysis treats the subpoena as if it were connected to a deposition and offers no justification for extending § 1407(b) to a subpoena requiring only document production. *See id.* at 415–16.