**INNOMED LABS, LLC, Plaintiff,**

v.

**ALZA CORPORATION, Defendant.**

No. 01 Civ. 8095(HB)(RLE).

United States District Court, S.D. New York.

Nov. 14, 2002.

Paul Corcoran, Cory Greenberg, John T. Brennan, Davis & Gilbert, LLP, New York City, for Innomed Labs, LLC.

Harold P. Weinberger, Jennifer L. Rochon, Kramer, Levin, Naftalis & Frankel, LLP, New York City, for Alza Corp.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before this Court is an order to show cause by plaintiff Innomed Labs, LLC ("Innomed") seeking to compel depositions of non-party Wyeth pursuant to a subpoena dated October 17, 2002 and a cross-motion by Wyeth to quash Innomed's subpoena. For the following reasons, Innomed's motion to compel is **DENIED.** Wyeth's cross-motion is therefore moot.

### II. BACKGROUND

The facts of this case have been summarized in *Innomed Labs, LLC v. Alza Corp.,* 2002 WL 1835426 (S.D.N.Y.2002). For purposes of this motion, the Court notes the following facts. In May, 2002, Innomed served a subpoena *duces tecum* on Wyeth, seeking document production. *See* Affidavit of Stephen G. Foresta, Esq. In Support of Non–Party Wyeth's Cross Motion to Quash Plaintiff's Subpoena and in Opposition to Plaintiff's Motion to Compel the Deposition of Non–Party Wyeth ("Foresta Aff.") at ¶ 4. On May 23, 2002, Wyeth produced Gregory E. Bobyock (Bobyock), Vice–President of Global Business Development and Strategic Planning for the Wyeth Consumer Healthcare Division to testify on behalf of Wyeth at a noticed deposition pursuant to Federal Rule 30(b)(6). *Id.* Bobyock testified about Wyeth's investigation into whether it could license a cold and cough medication from Alza Corporation ("Alza"). *Id.* On July 10, 2002, Innomed sought leave of this Court to continue its deposition of Bobyock. *Id.* at ¶ 5. I denied Innomed's request, but granted leave to subpoena another fact witness from Wyeth who could authenticate and provide admissible testimony on notes from Wyeth in Innomed's possession. Pursuant to my oral ruling, Innomed conducted two more depositions of Wyeth employees. *See* Reply Declaration of Jennifer Tafet Klausner in Further Support of Plaintiff's Motion to Compel the

Deposition of Non–Party Wyeth–Whitehall Robbins Healthcare and In Opposition to Wyeth's Cross–Motion to Quash ("Klausner Reply") at ¶ 3.

On July 24, 2002, Innomed served a second subpoena on Wyeth seeking four categories of documents. *See* Foresta Aff. at ¶¶ 6, 7. Wyeth agreed to produce documents responsive to the first category of documents, and on September 30, 2002, Wyeth produced "documents concerning research conducted by [American Home Products] with respect to the acquisition, potential acquisition, marketing or sale of Alza Products, including but not limited to market studies, analyses of product performance, projections of sales and revenues, and projections of marketing, sales or distribution costs." *Id.* at ¶¶ 7, 11. Wyeth objected to all other requests in the second subpoena. *Id.* at ¶ 7. Innomed then moved to compel the production of documents responsive to the other three categories, and on September 6, 2002, this Court denied Innomed's motion. *Id.* at ¶ 8.

Counsel for Innomed and Wyeth had a telephone conversation shortly after Wyeth produced documents on September 30, 2002, and during that conversation, counsel for Innomed indicated she was considering serving another Rule 30(b)(6) deposition notice for a witness to testify about the documents. *Id.* at ¶ 12. When Wyeth learned that the purpose of the deposition would be to authenticate the documents, Wyeth indicated it would provide an affidavit doing so. *Id.* Innomed also indicated it wanted the deposition to "explain" the documents. *Id.* Wyeth's counsel inquired as to what needed to be explained, offering to assist in any clarification, but Innomed's counsel declined to elaborate. *Id.* On October 17, 2002, counsel for Innomed informed Wyeth that she intended to serve a subpoena to compel depositions pursuant to Rule 30(b)(6). *Id.* at ¶ 13. Without seeking leave of the Court, Innomed served the subpoena and noticed the deposition for November 1, 2002. *Id.* at ¶ 14. Following service of the subpoena, counsel for both parties spoke on the telephone at least twice, and Wyeth asked for clarification of the request for a witness to "explain the documents produced by Wyeth" as well as "testify as to the

transactions to which Documents WY122–225 pertain." *Id.* at ¶ 15. Wyeth's counsel also explained that the documents were produced by a number of different people, at least one of whom did not work for the company. *Id.* at 17. Innomed agreed to limit the scope of the subpoena to include testimony concerning only the contents and authentication of the documents. *See* Certification of Good Faith of Jennifer Tafet Klausner Pursuant to Fed.R. Civ.P. 37 In Support of Motion to Compel the Deposition of Non–Party Wyeth–Whitehall Robbins Healthcare ("Klausner Aff.") at ¶ 6. On October 28, 2002, counsel for Innomed memorialized this in a letter to Wyeth. *Id.* at ¶ 7. Wyeth refused to produce anyone for the deposition, nor did it file a motion to quash the subpoena or file any objections prior to November 1, 2002. On November 1, 2002, Innomed brought the motion which is the subject of this Opinion and Order.

### III. DISCUSSION

The decision to grant discovery requests lies within a district court's discretion. *See Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 474 (2d Cir.1995). Furthermore, "[l]ike most discovery disputes, the availability of a second deposition is left to the discretion of the trial court." *See Bonnie & Company Fashions, Inc. v. Bankers Trust Company*, 945 F.Supp. 693, 732 (S.D.N.Y.1996) (citation omitted). Multiple depositions of the same party are governed by Rule 30(a)(2)(B) which provides that:

A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2) ... if, without the written stipulation of the parties, the person to be examined has been deposed in the case[.]

Fed.R. Civ.P. 30(a)(2)(B).

In the case before this Court, Innomed served its subpoena to take Wyeth's deposition on October 22, 2002. However, after arguing that Innomed did not need to seek leave of the Court to depose Wyeth again, Innomed seeks said leave in the last paragraph of its reply memorandum dated November 7, 2002. *See* Reply Memorandum of Law in Further Support of Plaintiff's Mo-

tion to Compel the Deposition of Non–Party Wyeth–Whitehall Robbins Healthcare and in Opposition to Wyeth's Cross–Motion to Quash at 9. Courts within this district have routinely denied motions seeking leave to re-depose a party for failure to comply with Rule 30(a)(2)(B). *See Bonnie & Company Fashions, Inc. v. Bankers Trust Company,* 170 F.R.D. 111, 119 (S.D.N.Y.1997) (*"Bonnie 2"*); *Pkfinans International Corporation v. IBJ Schroder Leasing Corporation,* 1996 WL 591213 *2 (S.D.N.Y.1996). Therefore, Innomed's request for leave to re-depose Innomed is denied.

■ Even if Innomed followed proper procedure and requested leave before serving its subpoena, their request for leave would still be denied. Rule 30(b)(6) states, in pertinent part:

[a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation ... and describe with *reasonable particularity* the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify ... The person so designated shall testify as to matters known or reasonably available to the organization.

Fed.R. Civ.P. 30(b)(6) (emphasis added). The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought. In the case before this Court, Innomed seeks to depose a person from Wyeth to "explain the contents" of the twelve different documents produced. Further, Innomed's subpoena requests a person to be deposed about the documents "including but not limited to" the areas specified. This language turns the subpoena into an overbroad notice, in contradiction to the "reasonable particularity" required by Rule 30(b)(6). *See Reed v. Bennett,* 193 F.R.D. 689, 692 (D.Kan.2000). Because Innomed's subpoena is insufficiently particularized, even had Innomed properly

requested leave of this Court to re-depose Wyeth, I would deny their request without prejudice.

■ The Court takes this opportunity to comment on Wyeth's behavior in this dispute. Although Innomed violated Rule 30(a)(2)(B) by not seeking leave of the Court before issuing its subpoena, Wyeth's blatant disregard of the subpoena is inexcusable. Had Innomed properly sought leave of this Court, Wyeth's cross-motion to quash would be untimely. *See Nova Biomedical Corporation v. i-STAT Corporation,* 182 F.R.D. 419, 422 (S.D.N.Y.1998). Although Rule 45(c)(3)(A)(iv) requires that the motion to quash be timely without defining what "timely" is, it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition. Wyeth's failure to timely join the issue unnecessarily delayed its resolution. Coming as it does, so near the scheduled trial, this type of transgression may not be repeated in this case, but should still be noted.

## IV. CONCLUSION

For the foregoing reasons, Innomed's motion is **DENIED**.