UNITED STATES of America ex rel. A. Scott POGUE, Plaintiff,

v.

DIABETES TREATMENT CENTERS OF AMERICA, INC., et al., Defendants.

Nos. 99CV3298, 01MS50(RCL).

United States District Court, District of Columbia.

Dec. 18, 2002.

■■■■■■■■

———

James B. Helmer, Jr., Frederick M. Morgan, Jennifer M. Verkamp, Helmer, Martins & Morgan, Cincinnati, OH, Scott A. Powell, Don McKenna, Hare, Wynn, Newell & Newton, Birmingham, AL, for Relator.

Edward J. Shapiro, Julia M. MacLaren, Latham & Watkins, Washington, DC, for HCA.

Robert J. Walker, Kathryn L. Hays, Walker, Bryant, Tipps & Malone, Nashville, TX, Bryan E. Larson, Brian D. Roark, Bass, Berry & Sims PLC, Nashville, TN, for American Healthcorp.

Edward J. Shapiro, Julia M. MacLaren, Latham & Watkins, Washington, DC, Steven A. Riley, Amy J. Everhart, Bowen Riley Warnock & Jacobson, PLC, Nashville, TX, for West Paces.

### MEMORANDUM OPINION

LAMBERTH, District Judge.

This case comes before the Court on two motions to enforce subpoenas duces tecum served by the Relator on nonparties HCA–The Healthcare Company (HCA) and American Healthcorp, Inc. (AHC). Relator filed a motion to enforce the subpoena duces tecum against HCA [512], HCA filed a response in opposition [518], Relator replied [524], HCA then sought leave to file a surreply [542], which Relator opposed

[579], while Defendant West Paces filed a memorandum in support [591]. Relator also filed a motion to enforce the subpoena duces tecum against AHC [516], AHC filed a response in opposition [522], Relator replied [529], AHC also then sought leave to file a surreply [604], which Relator opposed [615]. Some time later, HCA filed a Praecipe [705],[1] to which it attached the motion to quash the subpoena duces tecum it had filed in the Middle District of Tennessee. Relator filed a response [703] that attached his response in the Middle District of Tennessee, and HCA replied [706] with a copy of its reply in the Middle District of Tennessee.

Upon consideration of the case, the parties' motions and responses, and the law, the motions to compel [512][516] will be granted, subject to the scope limitations outlined in a separate opinion issued this day. The motions for leave to file surreplies [542][604] are denied.

### I. Background

This case is part of the multi-district litigation of False Claims Act *qui tam* suits against HCA and various related entities. This suit involves allegations of illegal kickbacks to physicians in return for patient referrals to diabetes treatment centers, in violation of the Anti–Kickback and Stark laws. HCA and AHC, the entities to which this court order are directed, are not parties to this litigation. However, HCA owns Defendant West Paces Medical Center (West Paces) and AHC owns Defendant Diabetes Treatment Centers of America, Inc. (DTCA). Relator served HCA and AHC with subpoenas duces tecum, to which they responded with various

---

1. HCA did not file a motion to quash in this District. HCA attached to a filing labeled "Praecipe" what appears to be a photocopy of a fax of the motion to quash filed in the Middle District of Tennessee. Because this

does not bear an original signature, and is not captioned for this Court, it does not comply with the requirement of Rule 7(b)(3) that "[a]ll motions shall be signed."

objections, including to the scope of the subpoenas. HCA and AHC (as well as the named defendants in this case) contend that Relator's complaint alleges False Claims Act violations only in connection with a single hospital, West Paces; Relator urges that his complaint alleges a nationwide scheme. On the basis of their reading of the complaint, HCA and AHC object to producing documents relating to hospitals other than West Paces.

## II. Discussion

### A. Power of MDL Judge to Enforce Subpoenas Duces Tecum

■ Relator filed motions to compel against HCA and AHC when it became apparent that the disagreement on the scope of the complaint could not be resolved. HCA and AHC responded with substantially identical short responses urging that this Court has no jurisdiction to enforce a subpoena duces tecum issued by another District Court, under the terms of Civil Procedure Rule 45. Rule 45(e) provides that subpoenas are enforced by issuance of a judgment of "contempt of the court from which the subpoena issued." Rule 45(c)(3) protects nonparties from inconvenience by limiting issuance of a subpoena to a 100–mile radius of where the subpoenaed person resides or transacts business. The subpoenas duces tecum to HCA and AHC were issued in the Middle District of Tennessee, where both have corporate offices. HCA and AHC urge that Relator can seek enforcement only in the Middle District of Tennessee.

■ Were this an ordinary case, HCA and AHC would be correct and this case would be easily disposed of. This is not an ordinary case, however. This case came before the Court by order of the Judicial Panel on Multidistrict Litigation [1], which transferred to this Court related *qui tam* actions pending across the country under the authority of 28 U.S.C. § 1407, including this one. Section 1407 authorizes the MDL Panel to transfer civil actions involving one or more common questions of fact for coordinated pretrial proceedings. 28 U.S.C. § 1407(a). In enacting § 1407, Congress intended to provide centralized management of pretrial proceedings and to ensure their "just and efficient" conduct. *In re New York City Municipal Securities Litig.*, 572 F.2d 49, 51 (2d Cir.1978) (quoting H.R.Rep. No.1130, 90th Cong., 2d Sess., reprinted in 2 U.S.Code Cong. & Admin.News, pp. 1898, 1899–1900 (1968)). To that end, § 1407 bestows upon the transferee court the power to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions" in MDL cases. 28 U.S.C. § 1407(b); *see also* MANUAL FOR COMPLEX LITIGATION (Third) § 21.424 (2002) (advocating centralized resolution of deposition and similar disputes by the MDL judge). In consolidating this litigation, the MDL Panel's order notes that "centralization under § 1407 is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." Transfer Order [1] at 2.

It is not entirely a settled question whether an MDL court may enforce a subpoena duces tecum issued by another court under the grant of authority of § 1407 to act as a judge of the district from which the subpoena issued. However, the weight of authority and effectuation of the purposes of multi-district litigation support a finding of jurisdiction. Therefore, this Court finds that it has jurisdiction to entertain Relator's motions to compel compliance with his subpoenas duces tecum as a judge of the Middle District of Tennessee.

One of the leading cases examining the effect of § 1407's grant of power to MDL

judges is *In re Corrugated Container Antitrust Litigation,* 662 F.2d 875 (D.C.Cir. 1981) *(Corrugated Container DC ).* There, District Judge Singleton of the Southern District of Texas, the jurisdiction in which the MDL was proceeding, expressly invoked his authority to act as a judge of the District of the District of Columbia and issued a contempt citation to a witness being deposed in the District of Columbia. *Corrugated Container DC,* 662 F.2d at 879. The D.C. Circuit took jurisdiction of the appeal, finding that "the District of Columbia Circuit has jurisdiction because the contempt order was issued pursuant to the exercise by Judge Singleton of the powers of a district judge in the District of Columbia rather than in his capacity as a sitting judge in the Southern District of Texas where the multidistrict litigation is now based." *Id.* It determined that § 1407 confers on MDL judges the power to supervise depositions taking place in other jurisdictions. The court reasoned,

> The deposition proceedings remain anchored in the courts of the districts where they are being conducted, but because of the obvious policy reasons for allowing a single judge to preside over the disparate activity in a multidistrict case, . . . the multidistrict judge is granted the same powers as a judge of those courts where the depositions are being taken.

*Id.* at 880–81. Other circuits hearing appeals from contempt judgments of the MDL judge acting as a judge of districts situated within their circuits agreed. *See*

*In re Corrugated Container Antitrust Litig.,* 644 F.2d 70 (2d Cir.1981); *In re Corrugated Container Antitrust Litig.,* 647 F.2d 460 (5th Cir.1981); *In re Corrugated Container Antitrust Litig.,* 655 F.2d 748 (7th Cir.1981). Other courts have also read § 1407 to permit an MDL judge to enforce subpoenas and adjudicate deposition disputes in other districts.[2] *See, e.g., In re Factor VIII or IX Concentrate Blood Prods. Litig.,* 174 F.R.D. 412 (N.D.Ill. 1997); *In re Sunrise Sec. Litig.,* 130 F.R.D. 560 (E.D.Pa.1989); *In re San Juan Dupont Plaza Hotel Fire Litig.,* 117 F.R.D. 30 (D.P.R.1987).

The grant of authority in § 1407 has been extended to the enforcement of subpoena duces tecum. The language of § 1407 allows a judge to act as another district judge "for the purpose of conducting pretrial depositions." A subpoena duces tecum is an order to appear at a specific place on a specific date with certain documents. A deposition is also an order to appear. A subpoena duces tecum can be issued as an incident to a deposition. In this case, however, the subpoena duces tecum was not issued pursuant to a deposition notice. In its pretrial order, the Court limited the number of depositions to twenty per side, despite Relator's request for forty depositions. Relator understandably did not want to waste his allotted depositions by noticing depositions to accompany these subpoenas duces tecum for the sole purpose of invoking the Court's jurisdiction to enforce under § 1407. The laws and rules governing federal courts strive to minimize elaborate

---

**2.** One court took a rather quixotic approach to the issue. In *In re Uranium Antitrust Litigation,* 503 F.Supp. 33 (N.D.Ill.1980), the judge found that while he had the power to act in another district as a judge of that district, the language of § 1407, permitting a judge to exercise the powers *"in* any district," required the judge to "journey to another district to hear a discovery dispute in that

district." *Uranium Antitrust,* 503 F.Supp. at 35. The judge contemplated, and apparently did, traveling around the country resolving discovery disputes. We do not find that § 1407 requires the Court to become a peripatetic dispenser of justice, and agree with the other courts that have rejected this reading. *See, e.g., In re Sunrise Sec. Litig.,* 130 F.R.D. 560, 586 (E.D.Pa.1989).

formality and needless procedure. *See, e.g.,* FED. R. CIV. P. 8(e)(1) ("Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."). To effectuate those goals and to avoid placing on parties and nonparties from whom documents are sought the burden of holding a pro forma deposition in order to come under the aegis of § 1407, *see* FED. R. CIV. P. 45(c)(2)(A) (a subpoena to produce documents does not require the person to appear), the Court holds that the power to act as the judge of any district for pretrial depositions includes as an incident the power to enforce subpoenas duces tecum.

This Court is not alone in so finding. In *In re San Juan Dupont Plaza Hotel Fire Litigation,* 117 F.R.D. 30 (D.P.R.1987), the court considered the interplay between a motion to enforce a subpoena duces tecum issued to a nonparty and § 1407. The court began with the purpose and policy of the multidistrict litigation, which is to "provide for a unified concept of pretrial proceedings." *San Juan Hotel Fire,* 117 F.R.D. at 32. An MDL judge's powers, the court concluded, "are nothing less than plenary." *Id.* To enable the MDL judge fully to exercise the power to act as a judge of any district for pretrial depositions, "it is necessary to append to the transferee judge enforcement powers in relation to subpoenas issued in the deposition district, ... including depositions and subpoenas addressed to nonparties." *Id.*

Likewise, in *In re Sunrise Securities Litigation,* 130 F.R.D. 560 (E.D.Pa.1989), the court found it had power to enforce subpoenas duces tecum issued from another district court incident to depositions. Under § 1407, "a multidistrict judge may decide a motion to compel a non-party in other districts even if he or she is not physically situated in those districts." *Sunrise Securities,* 130 F.R.D. 560 at 586. The nonparties, of course, are entitled to produce the documents in the districts in which they were noticed. The same conclusion obtained in *In re Factor VIII or IX Concentrate Blood Products Litigation,* 174 F.R.D. 412 (N.D.Ill.1997). The court observed that "certainly the production, identification, and discussion of documents is an integral part of many depositions." *Blood Prods. Litig.,* 174 F.R.D. at 415. Further, "[i]t would make no sense for § 1407(b) to confer authority to conduct depositions, but not the authority to require productions of documents at a deposition." *Id.* We agree.

AHC and HCA have pointed the Court to a single case rejecting the proposition that the powers granted by § 1407 do not extend to subpoenas duces tecum. *VISX, Inc. v. Nidek Co.,* 208 F.R.D. 615 (N.D.Cal. 2002), narrowly reads § 1407 to limit it strictly to deposition disputes, finding that Rule 45 trumps § 1407 where a documents-only subpoena is at issue. *VISX,* 208 F.R.D. at 616. For the reasons discussed above, the Court disagrees.

Upon considering HCA's motion to quash filed in the Middle District of Tennessee, Magistrate Judge Griffin[3] came to the same conclusion in an order docketed on November 21, 2002. In a well-reasoned opinion, the court notes that because a motion to quash a subpoena duces tecum is part of pretrial proceedings, § 1407(b)'s use of "shall" mandates that such motions be heard by the MDL court. The opinion also recounts that the weight of authority requires the MDL judge to hear motions by nonparties.[4]

---

**3.** Magistrate Judge Griffin presided over *Pogue* in the Middle District of Tennessee before it was transferred to this Court by the Judicial Panel on Multidistrict Litigation.

**4.** Magistrate Judge Griffin's excellent opinion is attached to this memorandum and order as an appendix.

■ Once it is determined that § 1407 empowers an MDL judge to enforce a subpoena duces tecum acting as a judge of another district, it must then be determined which local rules apply. HCA urges that because the Court is acting as a judge of the Middle District of Tennessee, Relator should have complied with the local rules of that district in filing his motions to compel. The purpose of § 1407 is to provide uniformity and even application of the law across a multidistrict litigation. However, when an MDL judge acts as a judge of another district, uniformity within the MDL is not the only policy to be advanced. Appeal goes to the circuit of the district in which the deposition is being taken because of the "need for uniformity in decisions on depositions within each of those circuits." *Corrugated Container DC*, 662 F.2d 875, 881 n. 11 (D.C.Cir.1981). This need balances out the danger of lack of uniformity within the MDL. *Id.* For this reason, the D.C. Circuit in *Corrugated Container DC* determined that an MDL judge acting as a judge from another district is "bound by the rules and procedures of the [deposition district]." *Id.* at 881. This view is not held uniformly. In *Sunrise Securities*, for instance, the court assumed that the local rules of the court's home district applied. *See In re Sunrise Sec. Litig.*, 130 F.R.D. 560, 586 n. 86 (E.D.Pa.1989) (waiving the requirement of Local Rule 24(f) of the Eastern District of Pennsylvania, although the court was sitting as a court of the Southern District of Florida and the Northern District of Georgia Local Rule 24(f) was subsequently renumbered to 26.1(f)). Logically, however, if a court is sitting as a court of another district, and the purpose of doing so is to preserve uniformity within that district and circuit, a court acting under § 1407 is bound by the rules and law of the district in which he is sitting as a judge, and the parties are likewise bound.

■ HCA asserts that Relator failed to comply with the local rules of the Middle District of Tennessee, which "impose[ ] several requirements on a party filing a motion relating to discovery, including that a joint statement of the issues be filed." HCA Motion for Leave to File Surreply [542] App. 1 at 5. However, HCA fails to indicate how it was prejudiced by Relator's failure to comply, or even to point the Court to a specific rule. The Court declines to search the local rules of the Middle District of Tennessee to supply this information for HCA. The Court concludes that Relator's alleged failure to comply with the local rules of the Middle District of Tennessee, if any, was not prejudicial to HCA, and does not provide a basis for denying Relator's motion to compel.[5]

B. Motions for Leave to file Surreplies

■ Upon reading Relator's replies to their responses and apparently realizing that this Court has jurisdiction after all, HCA and AHC moved for permission to file surreplies. They argue that the fact that § 1407 confers jurisdiction on this Court to hear the motions to enforce the subpoenas duces tecum was raised for the first time in Relator's reply, and that they should therefore be granted leave to file surreplies to respond to this new matter. A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond. *See Robinson v. The Detroit News, Inc.*, 211 F.Supp.2d. 101, 112 (D.D.C.2002) (Urbina, J.) ("The standard for granting leave to

---

5. Relator is advised that if he asks this Court to exercise its § 1407 powers in connection with other matters in this litigation he must comply with the local rules of the district from which the subpoena issued.

file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." (citing *Lewis v. Rumsfeld,* 154 F.Supp.2d 56, 61 (D.D.C.2001); *Alexander v. FBI,* 186 F.R.D. 71, 74 (D.D.C.1998))). The matter must be truly new. *Lewis v. Rumsfeld,* 154 F.Supp.2d 56, 61 (D.D.C.2001) (Urbina, J.) ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.") A surreply is most appropriate where the new matter introduced is factual. *Cf. Alexander v. FBI,* 186 F.R.D. 71, 74 (D.D.C.1998) (Lamberth, J.) (granting leave to file a surreply to respond to a new declaration).

■■■ Section 1407 is not new matter. It was passed by Congress in 1968. Pub.L. No. 90–296 § 1, Apr. 29, 1968, 82 Stat.109. Nor is the caselaw interpreting § 1407 to extend to subpoenas duces tecum new matter-for instance, *In re San Juan Dupont Plaza Hotel Fire Litigation,* 117 F.R.D. 30 (1987), a case exactly on point to this issue, was decided fifteen years ago. Nor is it news to HCA and AHC that this case is part of the multidistrict proceedings transferred to this Court under the authority of § 1407. They are parties to other proceedings within this multidistrict litigation. They are represented by the same counsel as parties DTCA and West Paces. Their filings indicate intimate familiarity with this litigation, including the fact that it originated in Tennessee, where it was handled by Magistrate Judge Griffin. AHC's motion for leave to file surreply [604], at App. C. (Objections and Responses to Subpoena Duces Tecum) ¶ 5; HCA's motion for leave to file surreply [542], App. 2 (Memorandum in support of motion to quash in Middle District of Tennessee) at 2. Even without these factors, however, AHC and HCA are represented by sophisticated, able counsel. An attorney is presumed to know the law. *See, e.g., Pyramid Controls, Inc. v. Siemens Industrial Automations, Inc.,* 176 F.R.D. 269, 273 (N.D.Ill.1997). In short, while the Court doubts that the existence of statutory or case law can ever be "new matter" so as to permit the filing of a surreply, that certainly is not the case here. The fact is, HCA and AHC took a litigation gamble by failing to address the merits of Relator's subpoenas duces tecum against them in their responses to the motions to compel. They lost. The Court will not grant leave to file a surreply to put them back in the game. However, the Court sua sponte takes notice of the issues of law raised in the surreplies to the limited extent they introduce law it would be patently unjust to ignore in the decision of this issue. As to scope of the subpoena, the subpoenas issued to HCA and AHC will be limited to the scope outlined in the Court's order issued this day regarding Relator's motion to compel production from DTCA [477] and DTCA's motion for protective order [486].

### C. HCA's Motion to Quash

#### 1. Sufficiency of Motion to Quash

Relator's counsel signed the subpoena on February 20, 2002. The subpoena has a return date of March 6, 2002. On May 2, 2002, Relator filed his motion to enforce the subpoena [512]. HCA filed a motion to quash the subpoena duces tecum in the Middle District of Tennessee on June 13, 2002. After that court determined that it did not have jurisdiction to hear the motion, HCA filed its motion to quash as an exhibit in this Court on December 3, 2002[705]. At that point, the subpoena was almost 10 months old, the return date passed almost 9 months ago, and the motion to enforce had been pending for 7 months.

■ Rule 45 permits a court to quash a subpoena "[o]n timely motion." FED. R. CIV. P. 45(c)(3)(A). "Timely" is not defined in the rule nor elaborated upon in the advisory committee's notes. The phrase "timely" was adopted in 1991 and replaced the previous formulation, "promptly and in any event at or before the time specified in the subpoena for compliance therewith." *Nova Biomed. Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y.1998). Courts are split on whether this change was intended to allow the filing of a motion to quash after the time for compliance has passed. *Compare Nova Biomed.*, 182 F.R.D. at 422 (assuming the change enlarged the rights of subpoenaed parties) *with In re Ecam Publications, Inc.*, 131 B.R. 556, 558 n. 1 (Bankr. S.D.N.Y.1991) (noting that the phrase "timely" must be read in conjunction with Rule 45(c)(2)(b)'s requirement that objection to a subpoena be made within 14 days). In general, courts have read "timely" to mean within the time set in the subpoena for compliance. *See, e.g., Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y.2002) (noting that in the absence of a definition of "timely" in Rule 45, "it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition"); *see also In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. 344, (W.D.Va.1999) (a motion to quash filed 36 days after corporate representatives became aware of subpoena and two months after it was due is untimely). The Court agrees with this formulation, but need not resort to it here.[6] Under no stretch of the imagination is a motion made 10 months after the return date for the subpoena "timely." Nor is HCA saved by having filed its motion to quash in the wrong forum a mere three months after the subpoena was due; three months late, while closer, is not timely either.

■ The motion to quash is insufficient in another respect. Ironically, given HCA's strenuous objection to Relator's failure to follow the local rules of the Middle District of Tennessee in filing his motion to enforce the subpoena in this Court, HCA did not comply with the local rules of the Middle District of Tennessee in filing its motion to quash there. Those local rules require the filing of a joint statement of issues. The "joint" statement HCA filed had been drafted by its attorneys without input from Relator's counsel. HCA argues that Relator uncooperatively refused to participate in drafting the joint statement. The Court makes no credibility judgments in this swearing match, and merely notes the deficiency.

■ Finally, the motion is not a motion at all. Rule 7(b)(3) of the Federal Rules of Civil Procedure requires that all motions be signed. This requirement is not a mere formality. It is a solemn pledge by an officer of the court as to the bona fides of the motion, in accordance with Rule 11. The "motion" filed by HCA in this Court is a photocopy of a fax of the motion filed in the Middle District of Tennessee not bearing an original signature and not captioned in this Court.

Based on the multitudinous deficiencies in HCA's attempt to file its motion to

---

6. The Court is not here adopting an across-the-board rule that failure to file within the time for compliance with a subpoena is untimely. One of the grounds for quashing a subpoena is failure to allow reasonable time for compliance. FED. R. CIV. P. 45(c)(3)(A)(i). Presumably, the time for compliance could be so small that it would not even permit time to file a motion to quash. In that case, it would be clearly unjust and outside the spirit of the rules to deny as untimely a motion to quash filed after the time for compliance.

quash in the Court, the motion, such as it is, will be denied with prejudice. Even if HCA were to fix the caption and sign the motion, it would still be untimely.

### III. Conclusion

This Court finds that 28 U.S.C. § 1407 confers upon it jurisdiction to act as a court of another district to enforce subpoenas duces tecum issued in other districts. Therefore, the Court has jurisdiction over the motions to compel HCA and AHC to comply with the subpoenas duces tecum issued to them by Relator in the Middle District of Tennessee. Because HCA and AHC failed to challenge the merits of the subpoenas duces tecum in their responses to Relator's motions to compel, the merits are deemed conceded, and the motions to compel [512][516] will be granted, subject to the scope limitations outlined in an opinion issued this day regarding Relator's motion to compel production from DTCA [477] and DTCA's motion for protective order [486]. HCA's motion to quash the subpoena duces tecum [705] is untimely, failed to comply with the local rules of the district in which it was filed, and failed to conform to Rule 7(b)(3). It will be denied. HCA's and AHC's motions to file surreplies do not supply adequate grounds for the filing of those replies; Relator did not introduce "new matter" in his replies as that term is defined in the caselaw. Therefore, HCA's [542] and AHC's [604] motions for leave to file surreplies will be denied.

A separate order shall issue this day.

### ORDER

This case comes before the Court on Relator's motion to enforce the subpoena duces tecum against HCA [512], HCA filed a response in opposition [518], Relator replied [524], HCA then sought leave to file a surreply [542], which Relator opposed [579], while Defendant West Paces filed a memorandum in support [591]. Relator also filed a motion to enforce the subpoena duces tecum against AHC [516], AHC filed a response in opposition [522], Relator replied [529], AHC also then sought leave to file a surreply [604], which Relator opposed [615]. HCA filed a Praecipe [705], to which it attached the motion to quash the subpoena duces tecum it had filed in the Middle District of Tennessee. Relator filed a response [703] that attached his response in the Middle District of Tennessee, and HCA replied [706] with a copy of its reply in the Middle District of Tennessee

Upon consideration of the case, the parties' motions and responses, and the law, this Court will act as a Court of the Middle District of Tennessee in regard to the subpoenas duces tecum issued by Relator to HCA and AHC. Because HCA and AHC failed to challenge the merits of the subpoenas duces tecum in their responses to Relator's motions to compel, the merits are deemed conceded, and the motions to compel [512][516] are GRANTED, subject to the scope limitations outlined in an opinion issued this day regarding Relator's motion to compel production from DTCA [477] and DTCA's motion for protective order [486]. HCA's [542] and AHC's [604] motions for leave to file surreplies are hereby DENIED. HCA's praecipe motion to quash [705] is hereby DENIED.

SO ORDERED.

### APPENDIX

### ORDER

On February 20, 2002, the Relator in the case of *United States ex rel. A. Scott Pogue v. Diabetes Treatment Centers of America, et. al.,* pending in the District Court for the District of Columbia, served a subpoena *duces tecum* on non-party

HCA Inc. ("HCA"). *See* Exhibit A to Docket Entry No. 5. On June 13, 2002, HCA filed a motion in this Court (Docket Entry No. 1) to quash the subpoena *duces tecum*. By order entered August 5, 2002 (Docket Entry No. 19), the motion was referred to the undersigned. For the reasons set forth herein, the motion is DENIED, without prejudice to HCA to file the motion in the District Court for the District of Columbia.

The Relator originally filed this qui tam action in 1994, alleging violations of the False Claims Act. Case No. 3-94-0515. On October 26, 2000, the case was transferred to the District Court for the District of Columbia by the Multidistrict Litigation ("MDL") Panel pursuant to 28 U.S.C. § 1407(b).[1] By letter dated March 5, 2002, HCA agreed to produce documents in response to 15 of the 20 requests and objected to the remaining requests. Exhibit B to Docket Entry No. 5. On May 2, 2002, the Relator filed a motion to enforce the subpoena *duces tecum* in the United States District Court for the District of Columbia. Exhibit A to Docket Entry No. 5. HCA opposed on the grounds that the United States District Court for the District of Columbia lacked jurisdiction to enforce a subpoena issued by this Court. *See* Docket Entry No. 2, at 2-4.

On June 13, 2002, HCA filed a motion to quash the Relator's subpoena in the Middle District of Tennessee. Docket Entry No. 1. On July 23, 2002, the Relator filed a response in opposition to HCA's motion to quash the Relator's subpoena *duces tecum*. Docket Entry No. 14.

HCA argues that this Court has jurisdiction to rule on the motion to quash the subpoena under Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, which provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena . . ." Docket Entry No. 2, at 4. HCA also argues that the Middle District of Tennessee is the most appropriate forum for this dispute because "this Court is familiar with the discovery issues in this case," the documents are located in this district, and because HCA headquarters and many of the documents at issue are located in this district. *Id.* at 4-5. Further, HCA argues that the transferee court has not developed the body of knowledge present in most MDL cases, and that a ruling by this Court upon a single motion to quash a subpoena issued by this Court would not disrupt the purposes of 28 U.S.C. § 1407. Docket Entry No. 18, at 7.

The Relator argues that the District of Columbia is the appropriate forum to consider the motion and that a decision by the Middle District of Tennessee would not be consistent with the purpose of MDL, which is to create an expedited procedure for the handling of multidistrict litigation. Docket Entry No. 14. The Relator contends that, since his Motion to Enforce the Subpoena *Duces Tecum* is also pending in the District of Columbia, consideration of the motion by this Court would "completely defeat the purpose of 28 U.S.C. § 1407(b), which is to provide centralized manage-

---

**1.** Cases were also transferred from over ten (10) other District Courts in the United States, including the Northern District of Alabama, the Middle District of Florida, the Southern District of Florida, the Middle District of Georgia, the Northern District of Georgia, the Southern District of New York, the Eastern District of Pennsylvania, the Eastern District of Texas, the Northern District of Texas, the Southern District of Texas, the Western District of Texas, the District of Utah, the Western District of Virginia, and the District of Wyoming.

ment of pretrial proceedings to assure the 'just and efficient conduct' of such actions." Docket Entry No. 14, at 12. The Relator also argues that, despite the prior pendency of this case in this District, this Court has no knowledge of the defendants' actions to withhold documents based on the same objections now asserted by HCA during a nine-month discovery period in the District of Columbia. *Id.* at 11.

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that an "application for an order *to a party* shall be made to the court in which the action is pending," but an "application for an order to a person *who is not a party* shall be made to the court in the district where the discovery is being, or is to be taken." (Emphasis added.) [2]

Thus, Rule 37(a)(1) and Rule 45(c)(3)(A) would normally mandate that this Court consider the instant motion. However, since this case involves Multidistrict Litigation, the District Court for the District for Columbia is the appropriate court to hear the motion.

Under 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation is authorized to transfer civil actions pending in more than one district involving one or more common questions of fact to any district for coordinated or consolidated proceedings upon its determination that transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."

There are two distinct grants of power to a multidistrict judge under 28 U.S.C. § 1407. Paragraph (a) of Section 1407 reads as follows:

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: *Provided, however,* That the panel may separate any claim, cross-claim, counterclaim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

Paragraph (b) is as follows:

Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation. For this purpose, upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the

---

**2.** Rule 26(c) provides:

Upon a motion by a party or by the person from whom discovery is sought ... the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embar-

rassment, oppression, or undue burden or expense ....

Thus, Rule 26(c) appears to mandate that this dispute should be resolved in the District of Columbia, rather than this Court, because it does not involve a deposition. That construction would, however, be contrary to Rule 37(a)(1) and Rule 45(c)(3)(A).

chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title. With the consent of the transferee district court, such actions may be assigned by the panel to a judge or judges of such district. The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.

Once a transfer under § 1407 becomes effective, the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction. *In re Plumbing Fixture Cases*, 298 F.Supp. 484 (Jud.Pan. Mult.Lit.1968); Manual for Complex Litigation, Third § 31.131 (2000). As noted in *In re Plumbing,* "Paragraph (b) clearly provides that the 'coordinated or consolidated pretrial proceedings *shall* be conducted by the judge or judges to whom such actions are assigned' by the Panel." 298 F.Supp. at 489 (emphasis added). Since a motion to quash a subpoena *duces tecum* is a part of pretrial proceedings, clear statutory mandate requires the transferee court decide such a motion. The use of the word "shall" in the first sentence of paragraph (b) of Section 1407 makes this clear regardless of a transferor Court's prior involvement in discovery, a transferee Court's current body of knowledge regarding the discovery, or the location of documents.

The Court of Appeals for the Sixth Circuit has opined that it would "seem that the power of the Panel on Multidistrict Litigation under 28 U.S.C. § 1407 to transfer district court proceedings from one court to another should divest the transferor court of any further authority, at least in matters pertaining to discovery." *In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation,* 664 F.2d 114, 118 (6th Cir.1981). The Court of Appeals emphasized that "[i]t would be completely disruptive of the purposes of the Act to hold that the transferor court can act in matters of discovery independently of the transferee court, at least until the proceedings are finally remanded to it." *Id.*

Courts that have addressed whether the transferee court has the authority to consider motions to quash or enforce subpoenas for depositions duces tecum issued by another court in MDL cases have uniformly held that the transferee court has jurisdiction to consider such motions. *See In re Corrugated Container Antitrust Litig.,* 662 F.2d 875, 880–81 (D.C.Cir.1981) ("multidistrict judge is granted the same powers as a judge of those courts where the depositions are being taken" so that transferee district judge properly sat as a judge of the district in which the deposition was being taken when he ruled telephonically that a deponent was in contempt for failing to answer questions);[3] *In re Papst Licensing GmbH Patent Litig.,* 2001 WL 79315, \*21, 2001 U.S. Dist. LEXIS 10012, \* 59 (E.D.La. July 12, 2001) (holding that the transferee court has jurisdiction to hear such motions when the subpoenas were issued by the transferor court prior to the case being transferred to MDL); *In re Factor VIII or IX Concentrate Blood Prods. Litig.,* 174 F.R.D. 412, 413 (N.D.Ill. 1997) (holding that transferee court had jurisdiction to hear a motion to compel a subpoena duces tecum issued by another court because the language of Rule 45(c) of

---

**3.** *See also Corrugated Container Antitrust Litig.,* 647 F.2d 460 (5th Cir.1981); *In re Corrugated Container Anti–Trust Litig.,* 620 F.2d 1086 (5th Cir.1980).

the Federal Rules of Civil Procedure must be read in conjunction with section 1407(b), providing that transferee court "may exercise the powers of district judge *in any district* for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings" (emphasis in original)); *In re Sunrise Securities Litig.*, 130 F.R.D. 560, 585–86 (E.D.Pa. 1989); *San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30 (D.P.R.1987).

With little analysis of the purpose of section 1407(b) or other case law, the Northern District of California has, however, recently held that the court in the district in which Rule 45 subpoenas for documents issued in an MDL case had jurisdiction to enforce those subpoenas rather than the transferee court. *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615 (N.D.Cal. 2002). That Court distinguished subpoenas for production of documents at a deposition and Rule 45 subpoenas only for the production for documents. This Court respectfully disagrees with the holding in *VISX*, and finds the reasoning of the other cases cited herein more persuasive. Since the transferee judge sits as a judge of the district in which the subpoena was issued, whether that subpoena was a deposition subpoena duces tecum or a subpoena only for the production of documents, no damage is done to the purpose of Rule 45 in preventing a non-party from having to travel to a distant forum to adjudicate its rights. *See Corrugated Container Anti–Trust Litig., supra. See also In re Sunrise Securities Litig.*, 130 F.R.D. at 586; *In re Uranium Antitrust Litig.*, 503 F.Supp. 33, 35 (N.D.Ill.1980) (although section 1407(b) does not authorize a transferee court to "reach out, assert jurisdiction, and compel the non-party disputants to the out-of-district controversy to appear initially [in the transferee district]," it does authorize a judge in the transferee court to "go to other districts to hear and decide motions to compel discovery from non-parties").[4]

Based on the language and purpose of 28 U.S.C. § 1407, as well as case law, the Court finds that this District lacks jurisdiction to consider the motion to quash the subpoena *duces tecum.*

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than ten (10) days from the date of service of the order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. *See* Rule 303(f) of the Local Rules for Magistrate Proceedings.

It is so ORDERED.

---

**4.** The Court acknowledges that the Northern District of Illinois did not, however, compel that the disputes relating to non-party discovery be resolved in the transferee court since two transferor courts had asserted jurisdiction over those disputes. The Court was unable to locate any opinions issued by the transferor courts, so it is not possible to comment on their underlying analysis.